Michael **ZAFFARANO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17927.

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1962.

Vincent Hallinan and Carl B. Shapiro, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

An indictment was returned against the appellant, hereinafter called "Zaffarano," and two other persons. The indictment was in three counts. The first count alleged that on or about the 22nd day of April, 1959, the defendants therein named, in violation of Title 18 U.S.C. § 2314, knowingly and wilfully transported and caused to be transported in interstate commerce, from the City of New York, State of New York, to and into the State and Northern District of California, certain goods and securities, to-wit, a quantity of American Express Company Travelers Cheques of a value of more than $5,000, the said Cheques having been stolen from the American Express Company Office, Idlewild Airport, City of New York, State of New York, on or about April 19, 1959, the said defendants knowing the said Cheques to have been stolen. The second count charged a violation of Title 18 U.S.C. § 2315 and alleged the concealing of the Cheques mentioned in Count One while moving as a part of interstate commerce. The third count charged a conspiracy under Title 18 U.S.C. § 371 to violate Title 18 U.S.C. §§ 2314 and 2315.

On June 19, 1959, Zaffarano, represented by counsel of his own selection, pleaded Guilty to Count One.

On July 18, 1959, Zaffarano was convicted upon his plea of Guilty and committed to the custody of the Attorney General for imprisonment for a term of ten years. Counts Two and Three were dismissed.

The above proceedings were had before the Honorable Louis E. Goodman, Chief Judge of the United States District Court for the Northern District of California, now deceased.

On October 13, 1961, Zaffarano, then in custody in the Federal Penitentiary at Atlanta, Georgia, filed in propria persona, in the District Court, a "Motion To Vacate Judgment and Sentence" alleging that the sentence imposed was in violation of the laws and Constitution of the United States and of Rule 32(a), Fed.R. Crim.P., 18 U.S.C.A.,[1] in that he had been denied the right of allocution before the imposition of sentence.

The Court treated the motion as having been made under Rule 35 Fed.R.Crim.P.,[2] and by order of the District Court Zaffarano was brought from the Atlanta Penitentiary and appeared in court for a hearing on his motion. The hearing was held on October 25, 1961. At the hearing the District Court vacated and set aside the sentence imposed by Chief Judge Louis E. Goodman on the ground that Zaffarano had not been granted the right

of allocution prior to the imposition of sentence.[3] The proceedings were then continued until October 30, 1961. At such continued hearing the District Court granted to Zaffarano the right of allocution. During the course of allocution, Zaffarano stated that his plea of Guilty was not voluntarily entered but that said plea was induced by a "deal" between the attorney who represented Zaffarano at that time and the then Assistant United States Attorney representing the Government. In general, Zaffarano stated that the inducement to his Guilty plea consisted of promises made by the Government attorney to Zaffarano's attorney that leniency would be shown in the sentence; that as he was facing certain criminal charges in the State of New York he would not be required to make a statement to the Probation Officer since any statement might affect his position in connection with the charges in the State of New York; that the State of California would be persuaded to drop certain charges then pending against Zaffarano in San Mateo County; and that the other two counts of the federal indictment would be dismissed.

Following this statement and prior to re-sentencing, Zaffarano moved the Court for leave to withdraw the plea of Guilty theretofore entered.[4] The motion was promptly denied, whereupon Zaffarano gave oral notice of appeal from such a denial. Thereupon the District Court sentenced Zaffarano "to serve in the cus-

1. The pertinent part of Rule 32(a) provides:
   "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

2. The pertinent part of Rule 35 provides:
   "The court may correct an illegal sentence at any time."

3. Presumably, the District Court was of the view that Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), commanded it to consider the sentence as illegal and subject to correction on motion made under Rule 35. See, however, Hill v. United States, 368

U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The two decisions last mentioned were rendered subsequent to the matter under review.

4. Rule 32(d), Fed.R.Crim.P., provides as follows:
   "**Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

tody of the Attorney General, to be imprisoned for a period of ten years on Count One of the indictment, to receive credit for the time served from July 30, 1959, up to and including the present date." The transcript of proceedings of the hearing discloses the following:

"MR. EHRLICH: May I make one other suggestion: In view of the fact that the defendant has given notice of appeal prior to Your Honor's judgment, may the record show that he does now give the notice of appeal?

"THE COURT: Yes, that he does now give the notice of appeal. It will be so noted, of course."

The docket of the District Court shows "ORAL NOTICE OF APPEAL" having been given, and is dated October 30, 1961.

The District Court on its own motion calendared a hearing in this cause for December 21, 1961 and ordered and directed the appearance of Zaffarano. At such hearing Zaffarano appeared and inquired of the Court as to the reason for his appearance. The Court replied, "You made certain very serious charges in connection with your sentencing before Judge Goodman * * *. I want to know whether you want to make a showing now before this Court, whether you want to ask for a reasonable time to make a showing in connection with those charges." Zaffarano inquired as to whether or not the hearing had anything to do with his last appearance before the Court. The Court stated, "Well, this hearing, depending upon the determination of this hearing, as to whether I will set aside or grant you your request in the court—there is still a request before this Court that you be allowed to withdraw your plea of guilty." Zaffarano replied, "I thought we ruled on it," to which the Court stated, "I did, but I want to reconsider it. I did rule on it. The ruling stands. The ruling stands. But I want to know now from you what showing you want to make in connection with that. You came up here before, you presented the matter before, and you offered nothing but your own statement. I want

to know whether you want to offer more in reference to it. If not, I am ready to rule. That's up to you to decide, * * *." Zaffarano repeatedly stated that he elected to stand on the record previously made.

In respect to the purpose of the proceedings had on December 21, 1961, the District Court stated in a formal order entered that day, as follows:

"The court ordered this hearing for the purpose of inquiring into the substance of defendant's charges and his good faith in making the serious and grave charges respecting the entry of his plea of guilty herein. It is the court's finding that said charges were not made in good faith and are without substance. He has had the opportunity to present these matters to the court since July 19, 1959, and has failed to do so. This leads the court to conclude that defendant's charges are an afterthought. Whether or not we consider this motion of defendant to have been made either prior or subsequent to imposition of sentence [F. R.Crim.P., Rule 32(d)], he has failed to make a sufficient showing for withdrawal of plea."

The appellee argues that since the original judgment of imprisonment was rendered on July 28, 1959, the proceedings before us cannot be treated as an appeal under Rule 37 Fed.R.Crim.P., since Rule 37(a) (2) provides that the time for taking an appeal by defendant is within ten days after entry of the judgment or order appealed from.

It is appellee's position that the proceeding before us must be viewed as a separate proceeding civil in nature, under Title 28 U.S.C. § 2255 and is an appeal from the order of the District Court made on December 21, 1961 wherein the District Court concluded that Zaffarano had failed to make a sufficient showing for a withdrawal of plea.

■ We are unable to agree with the appellee that the proceeding before us is an appeal from the order of the District

Court made and entered on December 21, 1961 in connection with a Title 28 U.S.C. § 2255 proceeding. In the first place, no petition was ever filed by Zaffarano seeking relief under § 2255. In the second place, the motion filed by Zaffarano under Rule 35 became *functus officio* when the District Court granted the motion and set aside the judgment imposed by Chief Judge Goodman on June 28, 1959. The charges made by Zaffarano during the course of his allocution were for the purpose of inducing the District Court to permit Zaffarano to withdraw his Guilty plea which motion was made prior to re-sentencing. This motion was summarily denied on October 30, 1961. In our view, the proceedings held on December 21, 1961 were a nullity since the motion for permission to withdraw the plea of Guilty was denied on October 30, 1961. We hold that the Court was without jurisdiction in connection with the proceedings had on December 21, 1961.

We regard the proceeding before us as an appeal under Rule 37 Fed.R.Crim.P., from the order of the District Court denying Zaffarano's motion to withdraw his Guilty plea and the judgment of imprisonment which was imposed immediately thereafter. The record is clear that notice of appeal was given on October 30, 1961. This is established by the transcript of proceedings and entries in the docket of the District Court.

While it is true that the charges made by Zaffarano concerning the inducement for his Guilty plea were not supported by Oath, they were made in open Court in connection with his motion for permission to withdraw his Guilty plea. As noted by the District Court, the charges made are grave and serious. If the charges made are true, Zaffarano is entitled to have his sentence vacated. As stated in Machibroda v. United States, supra, at p. 493, 82 S.Ct. at p. 513:

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. See Walker v. Johnston, 312 U.S. 275, [61 S.Ct. 574, 85 L.Ed. 830]; Waley v. Johnston, 316 U.S. 101, [62 S.Ct. 964, 86 L.Ed. 1302]; Shelton v. United States, 356 U.S. 26, [78 S.Ct. 563, 2 L.Ed.2d 579], reversing [5 Cir.], 246 F.2d 571. 'A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.' Kercheval v. United States, 274 U.S. 220, 223, [47 S.Ct. 582, 71 L.Ed. 1009]."

We believe that the interests of justice and the preservation of the integrity of the judicial process require a hearing on the charges made by Zaffarano. We hold that the District Court erred in denying, without a hearing, Zaffarano's motion for permission to withdraw his Guilty plea. The proceedings held on December 21, 1961 cannot be regarded as equivalent to such a hearing for the reason that the District Court was without jurisdiction of the cause at the time of such hearing.

The judgment of October 30, 1961 imposing sentence upon Zaffarano is reversed, and the cause is remanded to the District Court with directions that a hearing be held by the District Court in connection with the charges made by Zaffarano in his motion for permission to withdraw his Guilty plea; for re-imposition of sentence if, following the hearing, the motion for permission to withdraw such plea be denied; and for a new trial in the event that following such hearing the motion for permission to withdraw the plea of Guilty be granted.