Michael ZAFFARANO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18669.

United States Court of Appeals Ninth Circuit.

April 6, 1964.

Rehearing Denied May 11, 1964.

Vincent Hallinan, Carl B. Shapiro, and Patrick Sarsfield Hallinan, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

On this appeal, the sole issue raised is the validity of an order of the District Court denying defendant's motion to withdraw his previously entered plea of guilty to an indictment charging him with transporting stolen securities in interstate commerce in violation of 18 U.S.C. § 2314. The case is before us for a second time. On the earlier appeal, [Zaffarano v. United States, 306 F.2d

707 (9th Cir. 1962)] we held that the defendant was entitled to a hearing, pursuant to Rule 32(d) F.R.Crim.P., on his motion. We reversed the judgment and remanded the case to the District Court, with instructions to hold a hearing on defendant's motion, to reimpose sentence if the motion was denied or, in the alternative, to grant a new trial if the motion was granted.

Briefly restating and supplementing the facts, which appear at length in the opinion on the prior appeal, [Zaffarano v. United States, supra, 306 F.2d 707 (9th Cir. 1962)] it is seen that a three-count indictment was returned against Zaffarano and two others. Zaffarano represented by counsel of his own choosing, entered a plea of guilty to Count I. Counts II and III were dismissed. Zaffarano was then sentenced to a term of ten years and committed to the custody of the Attorney General. After he had begun serving his sentence, pending state criminal charges in New York and California, both of which arose out of the same transaction alleged in the federal indictment, were respectively dismissed in California and concluded by a suspended sentence in New York. It was not until two and one-half years after his original sentencing, and after the disposal of the pending state criminal actions that the defendant moved to withdraw his plea of guilty, the denial of which is the subject of this and his prior appeal.

In present posture it appears that defendant's case has been fully presented to the District Court on remand; that a hearing was duly conducted; that defendant's points in support of his motion to withdraw his plea of guilty were fairly considered but decided adverse to him, and that sentence was reimposed with credit given for time served. Defendant is now at liberty on bail, pending the outcome of this appeal.

Defendant's several contentions, some of which are inter-related and identical, will be treated by us under two headings sufficiently broad to answer all points raised.

He first contends that his plea of guilty was not freely and voluntarily made as a matter of law. He asserts his plea of guilty was secured by a promise of leniency made to him by the United States Attorney. This contention is utterly devoid of merit. In substance it is nothing but a reiteration of the arguments and assertions unsuccessfully urged on the District Court; moreover, defendant does not refer to any evidence in the record that in any way tends to show the findings of the court below lack support. Though the evidence was conflicting on this issue, there was substantial evidence to support the trial court's finding. Rosensweig v. United States, 144 F.2d 30, 33–34 (9th Cir. 1944) Cert. Den. 323 U.S. 764, 65 S.Ct. 117, 89 L.Ed. 612. While it is true that leave to withdraw a guilty plea prior to sentencing should be freely allowed, [Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957); Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963)] the trial court has a wide discretion in passing on such a motion and the reviewing court will not disturb the trial court's ruling in the absence of an abuse of that discretion, [Vasquez v. United States, 279 F.2d 34, 37 (9th Cir. 1960)] particularly when, as here, the defendant did not allege his innocence of the offense charged. United States v. Norstrand Corp., 168 F.2d 481, 482 (2d Cir. 1948).

Defendant's final contention is that the District Court did not accord him the consideration on the hearing to which a defendant is entitled under Rule 32(d), because of the fact that his motion came long after a sentence (which had been set aside) was imposed upon him. He asserts the earlier sentence colored and controlled the disposition made by the trial judge on remand.

Again, defendant fails to meet his burden. It was proper, and we so hold, for the trial court in evaluating the defendant's testimony to consider both his delay in asserting the claim and the intervening events that took place, in addition to the fact that he was rep-

resented by competent counsel at the time the guilty plea was entered. Cf. United States v. Harris, 160 F.2d 507 (2d Cir. 1947). Finding no abuse of discretion, we affirm the judgment.