**UNITED STATES of America**
**v.**
**George H. ABELE, Defendant.**
**Cr. No. 29236.**

United States District Court
E. D. Louisiana.
May 22, 1967.

George H. Abele, in Pro. Per.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

George H. Abele, mover, is serving a five year sentence imposed on September 18, 1963 by the Honorable Frank B. Ellis, Judge of the United States District Court of the Eastern District of Louisiana, as a result of mover's plea of guilty to a five count bill of information which charged mover with violations of 18 U.S.C.A. Section 1708 (Theft or receipt of stolen mail) and 18 U.S.C.A. Section 495 (Forgery to defraud the United States).

It appears that the mover was arrested and confined on this charge on July 26, 1963 and he was sentenced on September 18, 1963. He thereby commenced serving his five year concurrent sentences on September 18, 1963 some fifty-four days after he was arrested and his confinement began. The issue raised in this motion concerns that period of time from the date of arrest to the date on which he commenced serving his sentence. It is the mover's position that those fifty-four days of confinement in effect cause him to serve five years and fifty-four days for a sentence for which he should be confined for a period not to exceed five years. Accordingly, the sentence, or his confinement, is illegal under Federal Law.

The law applicable in this case is encompassed in 18 U.S.C.A. § 3568 which at the time of mover's sentencing read:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence, provided, that the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed *where the statute requires the imposition of a minimum mandatory sentence.*

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention." (Italics added.)

■ The law is quite clear in its statement that this credit shall be made by the Attorney General only in cases where "the statute requires the imposition of a minimum mandatory sentence." We are here considering violation of 18 U.S.C.A. Section 495 and Section 1708, neither of which imposes a minimum mandatory sentence; and therefore this credit is not here applicable.

It should be noted, however, that Section 4 of Public Law 89–465, 80 Stat. 214 (approved June 22, 1966) amended Title 18 U.S.C.A. Section 3568 now reads as follows:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.* As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term." (Italics added.)

■ This amendment effectuated the abolition of the "minimum mandatory sentence" requirement and makes the credit applicable in this case but for the fact that this amendment is not retroactive. Section 6 of this act states:

"This Act shall take effect ninety days after the date on which it is enacted: Provided, That the provisions of Section 4 *shall be applicable only to sentences imposed on or after the effective date.*" Pub.L. 89–465; 1966 FCA, Public Laws and Administrative Materials, p. 229. (Italics added.)

In the case of Powers v. Taylor, 327 F.2d 498 (10 Cir. 1964) the Court was confronted with the lower court's dismissal of a petition for a writ of habeas corpus. The appellant contended that he was sentenced to a term of two years, should be credited with time spent in custody prior to sentencing, and consequently is entitled to immediate release.

In affirming the lower court's dismissal, the Court said " * * * the time of sentence begins to run only in accord with the provisions of 18 U.S.C.A. Section 3568 and when he was received at the place of service."

■ Similarly, in the instant case, the mover contends that he should be credited with the fifty-four days spent in prior custody. Unfortunately, the 1966 Amendment to Title 18 U.S.C.A., Section 3568 was not in effect at the time of his sentencing, nor is it retroactive. This court must therefore pass on this matter in light of the law as it was on September 18, 1963, which did not provide for the relief the mover is now seeking, but rather dictated that sentence "shall commence to run from the date on which such person is received at the penitentiary. * * *" It is therefore proper that the mover's sentence commenced on September 18, 1963, the date he was sentenced and surrendered to the Orleans Parish Prison authorities, to await his removal to the U. S. Penitentiary in Atlanta, Georgia.

The sentence was not illegal; accordingly, the motion is denied.