Michael ZAFFARANO, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 23415.

United States Court of Appeals Fifth Circuit.

Aug. 31, 1967.

---

46. See also note 48, infra.

Abraham Glasser, New York City, for appellant.

Thomas K. McWhorter, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The issue presented on this appeal is whether time served under a previous invalid sentence must be credited against a subsequently reduced sentence for the same offense. Michael Zaffarano pleaded guilty to the offense of interstate transportation of stolen property, 18 U.S.C.A. § 2314, and was sentenced by the United States District Court for the Northern District of California (Southern Division) to the maximum ten years imprisonment. He began serving this sentence July 28, 1959. On October 25, 1961, this sentence was set aside because Zaffarano had been denied allocution, F.R.Crim.P. 32(a), prior to imposition of the sentence. Green v. United States, 1961, 265 U.S. 301, 81 S.Ct. 653, 5 L.Ed. 2d 670. Shortly thereafter on October 30, 1961, he was allowed allocution and resentenced to ten years imprisonment, receiving credit for the time served under the original, invalid sentence. Pending appeal, Zaffarano was released on bail March 28, 1962. The resentencing was subsequently [1] affirmed, Zaffarano

---

[1]. Prior to resentencing, Zaffarano had requested to withdraw his plea of guilty, but this motion was rejected without a hearing. On appeal, the Ninth Circuit held that District Court erred in denying the motion without a hearing. Zaffarano v. United States, 9 Cir., 1962, 306 F.2d 707. On remand, the District Court after a hearing again denied the motion, and sentenced Zaffarano on March 29,

v. United States, 9 Cir., 1964, 330 F.2d 114, cert. denied 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35. On December 1, 1964, the District Court under F.R.Crim.P. 35 reduced the sentence to a term of five years, service to commence on January 4, 1965. The sentence also stipulated that Zaffarano would be eligible for parole [2] after eight months.

The sole question on this appeal is whether the aggregate time served by Zaffarano under the ten year sentence must be credited against the subsequently reduced sentence imposed under the same indictment and plea of guilty? We hold that it does not and affirm the District Court.

Zaffarano contends that the five-year sentence superseded the original ten-year sentence, and since he has served, as of the date of filing the habeas petition, sufficient time to satisfy the five-year term (less good time credit), he is entitled to unconditional release from further parole supervision. Without undertaking on this confusing record to determine whether this has factual support, we cannot agree.

█ █ This Court is without power to modify a sentence which was legally imposed and within the bounds prescribed by statute. Boerngen v. United States, 5 Cir., 1964, 326 F.2d 326, 329. Furthermore, the reduction or modification of a sentence under F.R.Crim.P. 35 [3] is with-

in the sound discretion of the Trial Court. Sullivan v. United States, 5 Cir., 1963, 317 F.2d 101; Lott v. United States, 5 Cir., 1962, 309 F.2d 115, cert. denied, 1963, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed. 2d 498; Beitel v. United States, 5 Cir., 1962, 306 F.2d 665; Hall v. United States, 5 Cir., 1960, 286 F.2d 676, cert. denied, 1961, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236.

█ In this case, under no circumstance will Zaffarano be required to serve more time than he would have served under the original sentence of 10 years.[4] See DeBenque v. United States, 1936, 66 App.D.C. 36, 85 F.2d 202, 208, 106 A.L.R. 839. Nor will he serve more time than the statutory maximum for the offense. This factor serves to distinguish Short v. United States, 1965, 120 U.S.App.D.C. 165, 344 F.2d 550, primarily relied on by Zaffarano. In *Short*, the Court held only that "on resentence for the same offense, a defendant's new sentence may not be such that his total time served in prison might exceed the maximum statutory punishment for that offense." 344 F.2d at 553. That will not occur here. Nor was Zaffarano subjected on resentencing to a harsher penalty than he would have served had no action to vacate or reduce the sentence been taken. See Patton v. State of North Carolina, W.D.N.C., 1966, 256 F.Supp. 225, 236.[5]

---

1963 to ten years imprisonment with credit for time served from July 28, 1959 to October 30, 1961. These proceedings do not affect the present appeal.

2. Zaffarano was granted parole June 23, 1966, effective July 22, 1966, with supervision for the duration of the sentence, January 3, 1970. This did not render his appeal moot. Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. The members of the parole board were substituted for the prison warden as parties defendant.

3. Rule 35, providing for "Correction or Reduction of Sentence," has recently been amended to allow more time for action by the trial Court. See 39 F.R.D. 168, 196–198 (1966).

4. Again without determining factual details, this takes account of the fact that subsequent to March 28, 1962 he was released on bail for an extended period.

5. *Patton* involved a situation where the defendant's pre-*Gideon* conviction and twenty-year sentence had been set aside because of absence of counsel, and subsequently he was reconvicted and resentenced to twenty years, with no credit for the four years he had served under the original invalid sentence.

"On the facts of this case—where there is not one scintilla of evidence in the record to rationally support the imposition of a harsher penalty—the imposition of the same is held to be so

While the record is scant regarding the facts of the hearing on reduction of sentence, we think the intent of the District Court is plain. The resentencing order, whether that was the purpose or not, gives effect to the time that Zaffarano had already served under the original sentence. But more than that, the Court sought to reduce the sentence by providing for parole consideration at an earlier date than under normal statutory procedures. 18 U.S.C.A. § 4202. Most important, the order provided that service of the sentence should commence January 4, 1965, a provision completely inconsistent with the argument that the reduced sentence was in place of the original ten-year sentence. Cf. United States v. Morse, 4 Cir., 1965, 344 F.2d 27.[6]

 We cannot adopt the construction of the Court's order urged by Zaffarano. Such construction is inconsistent with the purpose of the Rule 35 proceeding here in question. The Court could do one of two things: (1) enter a new sentence as from the date of conviction or (2) enter a modification of the earlier sentence specifying the remainder of the time to be served, parole or probation provisions, etc. On this incomplete record, the fair inference is that the Court, in its discretion, was seeking to reduce the *remaining* period of imprisonment to be served by Zaffarano while granting favorable parole expectations. The District Judge did so in a manner which, we think, militates against the contention that he either intended or contemplated that Zaffarano

would be entitled to an imminent release. The reduced sentence can not fairly be construed so that it would either serve to inhibit the exercise of, or to contravene, Zaffarano's constitutional rights.

The judgment of the District Court denying the writ was proper.

Affirmed.

---

fundamentally unfair as to violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution. * * * Harsher punishment may constitutionally be imposed at a second trial—but there must be a reason for it, and the reason must be discernible."

256 F.Supp. at 236. Accord, Gainey v. Turner, E.D.N.C.1967, 266 F.Supp. 95. In a similar factual situation where a harsher sentence on retrial was upheld, see the memorandum opinion in Shear v. Boles, N.D.W.Va., 263 F.Supp. 855, disapproved by the First Circuit in Marano

v. United States, 1 Cir., 1967, 374 F.2d 583. With these cases, compare Beufve v. United States, 5 Cir., 1967 374 F.2d 123.

We have yet to rule directly on the *Patton* principle.

6. *Morse* presented a fact situation analogous to that here involved. The Court found that "the Judge's language specifying that the defendant should serve for two years 'dating from today' is not surplusage but is essential to execute the court's plain intention." 344 F.2d at 30.