In the Matter of the Petition for Habeas Corpus for Discharge from Unlawful Detention of Michael ZAFFARANO, Petitioner,

v.

**Walter W. FITZPATRICK, Respondent.**
**No. 68 Civ. 1008.**

United States District Court
S. D. New York.
July 22, 1968.

Jerome Lewis, New York City, for petitioner, Albert C. Aronne, Brooklyn, N. Y., of counsel.

9. See footnote 7.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for United States, James D. Zirin, Asst. U. S. Atty., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, confined to the Federal House of Detention pursuant to a warrant of arrest for violation of parole, seeks his release upon a writ of habeas corpus. He alleges his detention is illegal because his sentence was fully served and he was entitled to a mandatory unconditional release, so that the Parole Board was without jurisdiction to charge him with any violation of parole conditions or to issue any warrant for his arrest for any alleged violation.[1]

The starting point of petitioner's claim is a judgment of conviction entered on July 28, 1959 in the United States District Court for the Southern District of California, following his plea of guilty to interstate transportation of stolen securities. He was sentenced to a term of ten years by Chief Judge Louis Goodman.

More than two years later, in October 1961, while confined to Atlanta Penitentiary, he moved to vacate the judgment of conviction upon the ground that he had been denied the right of allocution. He was returned to the District Court where, on October 25, 1961, his motion was granted and the judgment vacated by District Judge Wollenberg. On October 30, 1961 petitioner appeared for sentence and, afforded his right of allocution, asserted that his plea of guilty was not voluntary, and orally moved for its withdrawal. The motion was denied without a hearing and petitioner was sentenced to a term of ten years by Judge Wollenberg.

Upon appeal, the Court of Appeals held the denial of the motion without a hearing was error, vacated the judgment of conviction of October 30, 1961, under which the second ten-year sentence was imposed, and remanded the case to the District Court for a hearing with instructions to reimpose sentence if the motion were denied or, alternatively, to grant a new trial if it were granted.[2] A hearing as directed was conducted before District Judge Carter on February 6 and 7, 1963, who denied the motion and imposed a ten-year sentence, upon which judgment was entered on March 29, 1963. The judgment also "ordered" that defendant receive credit for the time served at the Atlanta Penitentiary from July 28, 1959 to October 30, 1961, two years, three months and two days. The petitioner appealed from the denial of his motion for the withdrawal of the guilty plea, pending which he was continued on bail previously imposed.[3] The order of the District Court denying the withdrawal motion was affirmed.[4]

On December 1, 1964, when petitioner was to surrender to the United States Marshal to commence service of his sentence, he appeared, together with privately retained counsel, before Judge Carter and applied for a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The hearing centered principally about credits for time served and statutory good-time allowances. The transcript of the hearing makes it abundantly clear that Judge Carter evinced a purpose to impose a ten-year sentence but which in end result, as formulated, would give the petitioner, in addition to credit for time actually served, the full benefit of all available credits a prisoner serving a ten-year sentence

1. Subsequent to the submission of briefs following argument of this application, the court was advised that after a hearing petitioner's parole had been revoked.

2. Zaffarano v. United States, 306 F.2d 707 (9th Cir. 1962).

3. Upon his first appeal from the denial by Judge Wollenberg of his motion to with-

draw his guilty plea petitioner elected not to commence service of his sentence pending appeal, under former Federal Rules of Criminal Procedure, 38(a) (2). However, on March 28, 1962, he was released on bail pending appeal.

4. Zaffarano v. United States, 330 F.2d 114 (9th Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964).

might have been allowed, whether or not in fact he had earned all of them.[5] In any event, upon the conclusion of the hearing Judge Carter imposed a sentence of five years and provided for petitioner's eligibility for parole after eight months pursuant to section 4208(a) (1) of Title 18. The judgment to this effect, referred to hereafter, was entered on December 16, 1964, and, among other matters, revoked and set aside the earlier judgment of March 29, 1963. Petitioner, upon his surrender in January 1965, was committed to the Federal Penitentiary at Atlanta, Georgia. In October 1965, after serving only ten months of his sentence, he instituted a habeas corpus proceeding seeking his release upon the grounds here urged. He contended that he was entitled to credit for the two years, three months and two days he had served under the original ten-year sentence which, if added to the time served under the five-year sentence, plus good-time credits, compelled his unconditional discharge. Thus, essentially the claim was and remains that he is entitled to credit for time served under the first sentence. His application for a writ of habeas corpus was denied without a hearing. The Fifth Circuit Court of Appeals affirmed the denial of petitioner's application and rejected his contention.[6] That court observed that while the record before it was "scant regarding the facts of the hearing on reduction of sentence," it was satisfied that the intent of the District Court with respect to the five-year sentence was to give "effect to the time that Zaffarano had already served under the original sentence." It also noted, in distinguishing Short v. United States,[7] relied upon by petitioner, that under no circumstance will he be required to serve more time than he would have served under the original sentence of ten years, nor will he serve more time than the statutory maximum for the offense.

There is no need here to indulge in any presumption, conclusive or otherwise, as to whether the sentencing court credited the defendant with the time he had already served.[8] The transcript of the hearing on petitioner's motion for reduction leaves no room to doubt that when the District Court imposed the five-year sentence in December 1964, it considered and took into account the time he had served under the original sentence and generously allowed for statutory good time and other credits.

Petitioner readily concedes Judge Carter intended to give him credit for time served and other allowances, but asserts the Judge erred in reducing the sentence to five years—that he should have imposed a longer sentence so that the reduction would follow as an administrative matter. His basic claim is that the computation of allowances for time served and good-time credits is not a judicial function, but is a nondiscretionary function within the sole province of the Attorney General, and once sentence is imposed, the allowances become mandatory. Thus, the argument continues, however well-intentioned Judge Carter was in taking into account and crediting petitioner with the time he had served, he exceeded his authority; that once the five-year term was imposed, and notwithstanding that the court had already credited petitioner for time already served, the Attorney General, as an administrative matter, was required, upon petitioner's commencement of sentence, to deduct therefrom the time he had served under the ten-year sentence. Thus petitioner seeks double credit. To this he is not entitled. The five-year sentence was imposed on petitioner's application for a reduction, made pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and, as noted, Judge Carter's purpose was to impose a ten-year sentence, but

---

5. Record, pp. 6, 8, passim.

6. Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir. 1967).

7. 120 U.S.App.D.C. 165, 344 F.2d 550 (1965).

8. See Huber v. United States, 390 F.2d 544 (5th Cir. 1968); Bryans v. Blackwell, 387 F.2d 764 (5th Cir. 1967); Dunn v. United States, 376 F.2d 191 (4th Cir. 1967); Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966).

to give petitioner credit for the time served, as well as for other items.[9] He achieved his purpose by the imposition of the five-year term, which took into account the various allowances. It is evident that he questioned the validity of the judgment of March 29, 1963, "ordering" that petitioner be given credit allowances, and corrected it in passing upon petitioner's application.[10]

It is significant that the Judgment and Order of Commitment of December 16, 1964, which granted defendant's motion for modification, revoked and set aside the earlier judgment of March 29, 1963, which imposed the ten-year sentence; also specifically revoked and set aside was the provision which "ordered" that petitioner receive credit for time served, in apparent recognition of lack of authority to so "order."[11] By voiding the ten-year sentence, Judge Carter wrote on tabala rasa in imposing the five-year term, and petitioner started to serve that sentence from scratch. It is beyond peradventure that when defendant commenced his five-year term, he had already received full credit for time served and all allowances; he is not entitled to another credit. Petitioner is seeking to resurrect the vacated ten-year sentence to obtain the benefit of its provision for credit, even though expressly revoked.

The facts here presented require no different determination from that reached by the Fifth Circuit. The additional record submitted on this application underscores the correctness of its determination. The petition for an issuance of a writ of habeas corpus is denied.

**9.** Petitioner, in his appeal to the Fifth Circuit Court of Appeals, admitted as much: " * * * Judge Carter, we admit, deemed that by imposing a new five year sentence he would be coming approximately close to carrying out the original 'intent' of an overall ten-year sentence." Appellant's supplemental brief, filed November 16, 1966, p. 12.

**10.** Transcript, December 1, 1964, pp. 5, 11.

**11.** Cf. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Sawyer

v. Clark, 386 F.2d 633 (D.C.Cir.1967); Meyers v. Hunter, 160 F.2d 344 (10th Cir.), cert. denied, 331 U.S. 852, 67 S.Ct. 1730, 91 L.Ed. 1860 (1947). Petitioner's counsel himself states: " * * * the law is rather clear that federal sentencing Judges may not legally include provisions of credit for time served in making formal pronouncement of sentence." Petitioner's supplemental memorandum, p. 5.