Michael **ZAFFARANO**, Petitioner-Appellant,

v.

Walter W. **FITZPATRICK**, Warden, Federal Detention Headquarters, New York, New York, Respondent-Appellee.

No. 172, Docket 32676.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1968.

Decided Dec. 5, 1968.

Irving L. Weinberger, New York City (Irving L. Spieler, New York City, on the brief), for petitioner-appellant.

Stephen F. Williams, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., James D. Zirin and Charles P. Sifton, Asst. U. S. Attys., on the brief), for respondent-appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, entered July 22, 1968, Edward Weinfeld, J., denying appellant's petition for release from confinement in the Federal Detention Headquarters in the Southern District of New York upon a writ of habeas corpus. Zaffarano v. Fitzpatrick, 287 F.Supp. 87 (S.D.N.Y.1968). Zaffarano's custody stems from his violation of the terms of his release on parole from service of a sentence imposed on Zaffarano's plea of guilty to a charge of interstate transportation of stolen securities. He alleges that his detention for violation of parole is unlawful because his 5-year sentence was fully served at the time he was released on parole, and that the parole board was without jurisdiction to charge him with a violation.

On July 28, 1959, Zaffarano was convicted of violating Title 18 U.S.C. § 2314 upon his plea of guilty to one of three counts in Indictment Cr. No. 36677 in the United States District Court for the Northern District of California, namely that he knowingly and wilfully transported in interstate commerce a quantity of American Express Company travelers checks of a value of more than $5,000 which had been stolen on or about April 19, 1959. Chief Judge Louis E. Goodman sentenced Zaffarano to a term of imprisonment of ten years, a sentence which Zaffarano began immediately to serve.

On or about October 13, 1961, Zaffarano, while confined to the Federal Penitentiary at Atlanta, Georgia, moved that the California District Court vacate the judgment and sentence on the grounds that he had been denied the right of allocution before imposition of sentence, as required by Fed.R.Crim.P. 32(a), 18 U.S.C. The motion was granted and the sentence vacated on October 25, 1961. At a hearing on October 30, 1961, Zaffarano exercised his right of allocution, stating that the inducement to his guilty plea was the promise of a lenient sentence by a government attorney, and moved to withdraw the plea of guilty on the ground that it was involuntary. Judge Wollenberg denied the oral motion without a hearing, and sentenced Zaffarano to ten years' imprisonment, with credit for time already served. On December 21, 1961, Judge Wollenberg, acting on his own motion, reconsidered and again denied Zaffarano's motion. On appeal, the Ninth Circuit reversed, holding that it was error to deny, without a hearing, Zaffarano's motion, and remanded the case with directions to hold a hearing on the motion and to reimpose sentence if the plea was properly entered or hold a new trial if it was not. Zaffarano v. United States, 306 F.2d 707 (9th Cir. 1962).

On March 26, 1962, Zaffarano was released on bail. On March 29, 1963 Judge Carter, in the Northern District of California, found the plea to have been voluntarily entered, denied Zaffarano's motion to withdraw the plea of guilty, and sentenced Zaffarano to a ten year term, further providing:

> that the defendant receive credit for the time served, a period from July 28, 1959 to October 30, 1961 * * *

On April 6, 1964, the Ninth Circuit affirmed Judge Carter's decision and on October 12, 1964, the Supreme Court denied certiorari. Zaffarano v. United States, 330 F.2d 114 (9th Cir.), cert. denied 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964).

On December 1, 1964, Zaffarano appeared before Judge Carter for surrender and made an oral application for reduction of sentence pursuant to Rule 35, Fed.R.Crim.P. At a hearing on this date, Zaffarano's counsel maintained that since Zaffarano had not been legally sentenced by Judge Goodman, he was entitled to Judge Carter's independent opinion as to the appropriate sentence, considering his possibility for rehabilitation, culpability, etc.

Judge Carter, however, was chiefly concerned with the possible illegality of his March 29, 1963 sentence, in that a

provision for credit for time served may not be made part of the formal sentence, but is rather to be given administratively by the Attorney General. As he stated at the hearing:

I intend to modify the judgment, because the present form of the judgment, in my opinion, would take some interpretation and perhaps is an illegal sentence, and I want to, to the extent that I can, remove from the record any arguments about the extent of the sentence. I want to restore to the defendant, as nearly as possible, and I want to say it is not—I don't think it is possible to put it in exactly the same position, but I can put it in substantially the same position but giving him certain time credits, and then the sentence that I will fix will be the balance of the ten-year sentence after allowing credit for the mandatory good time credits that he's earned, for meritorious time and credits that he's earned and then the difference between the mandatory good time credits he would have earned and the mandatory good time credits he will earn * * *

Thereafter on December 16, 1964, Judge Carter entered a judgment and order revoking the judgment and order of conviction of March 29, 1963, and imposed a new sentence of imprisonment for five years, pursuant to Rule 35, Fed. R.Crim.P., and providing that Zaffarano should be eligible for parole after serving eight months of his sentence pursuant to 18 U.S.C. § 4208(a) (1). Judge Carter further granted a stay of execution until 12:00 noon on January 4, 1965, due to the wish of the appellant to spend the holidays with his family, and also because the Supreme Court's mandate had apparently not been received. Zaffarano took no appeal from this order and on January 4, 1965, surrendered to the Attorney General to begin service of sentence.

On April 15, 1965, Judge Carter denied a further motion to reduce the sentence imposed December 16, 1964.

After serving ten months of his sentence in the Federal Penitentiary at Atlanta, Georgia, Zaffarano in October, 1965, petitioned for habeas corpus in the District Court for the Northern District of Georgia on the grounds urged here, namely that he was entitled to credit for the two years, two months he had served under the original ten-year sentence which, added to the time served under the second sentence plus good time credits, compelled his discharge. The District Court, Hooper, Judge, denied his application without a hearing. While an appeal from this decision was pending, on July 22, 1966 Zaffarano was released on parole.

The Fifth Circuit affirmed the denial of the writ, stating that under Rule 35 the District Court could have either entered a new sentence as from the date of conviction, or entered a modification of the earlier sentence specifying the remainder of the time to be served with parole or probation provisions. Chief Judge Brown held that the modification or reduction of a sentence under Rule 35 is within the discretion of the Trial Court, and that Zaffarano's claim that he is entitled to immediate release was contrary to the intent of the Court to impose a reduced sentence as from January 4, 1965:

[W]e think the intent of the District Court is plain. The resentencing order, whether that was the purpose or not, gives effect to the time that Zaffarano had already served under the original sentence. But more than that, the Court sought to reduce the sentence by providing for parole consideration at an earlier date than under normal statutory procedures. 18 U.S.C.A. § 4202. Most important, the order provided that service of the sentence should commence January 4, 1965, a provision completely inconsistent with the argument that the reduced sentence was in place of the original ten-year sentence.

Zaffarano v. Blackwell, 383 F.2d 719, 722 (5th Cir. 1967). The Court also

noted that Zaffarano would not be required to serve more time than the statutory maximum for the offense, nor more time than he would have under the original sentence of ten years, nor more than if no action to vacate or reduce the sentence had been taken.

On February 14, 1968, Zaffarano's parole was revoked and he was committed in the Southern District of New York for violation of his parole after being convicted in the New York City Criminal Court of trafficking in pornography.

Zaffarano instituted the present petition for habeas corpus on March 5, 1968 alleging that he had already served the time required by the five year sentence of December 1964, and that his prior application for habeas corpus in the Northern District of Georgia, and on appeal in the Fifth Circuit, was denied without benefit of material records from the Northern District of California.

The District Court, Weinfeld, *Judge,* denied the application, stating that it was clear from the record that Zaffarano had already received credit for time served and statutory good time and other credits. Responding to the argument that sentences are to be computed from the date of original custody, regardless of the intent of the sentencing judge, the District Court stated:

> [Petitioner's] basic claim is that the computation of allowances for time served and good-time credits is not a judicial function, but is a nondiscretionary function within the sole province of the Attorney General, and once sentence is imposed, the allowances become mandatory. \* \* \* Thus petitioner seeks double credit. To this he is not entitled. \* \* \*

> By voiding the ten-year sentence, Judge Carter wrote on tabula rasa in imposing the five-year term, and petitioner started to serve that sentence from scratch. It is beyond peradventure that when defendant commenced his five-year term, he had already received full credit for time

served and all allowances; he is not entitled to another credit. Petitioner is seeking to resurrect the vacated ten-year sentence to obtain the benefit of its provision for credit, even though expressly revoked.

Zaffarano v. Fitzpatrick, 287 F.Supp. 87, 89–90 (S.D.N.Y.1968).

Although we might well be able to rest decision on the prior determination by the Fifth Circuit, we have engaged in an independent review, find no error and affirm the judgment.

### I.

Appellee contends, at the outset, that the District Court was not the sentencing court, and that therefore under 28 U.S.C. § 2255 and Sobell v. Attorney General, 400 F.2d 986 (3rd Cir. 1968) the District Court was without jurisdiction to consider the application. Zaffarano should have applied for the writ in the Northern District of California which sentenced him, appellee continues, and having failed to do so cannot compel a district court unfamiliar with the proceedings and without convenient access to the records to interpret the myriad orders.

Section 2255, 28 U.S.C. provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. \* \* \*

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for

relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

■ There is merit to the argument that under 28 U.S.C. § 2255 an attack on a sentence, or an attempt to modify a sentence, should in the first instance be made to the sentencing court, whether or not we term the requirement strictly jurisdictional.

■■ However, since Zaffarano has made an additional claim, namely that his sentence has been served, and that his present custody by federal officials is therefore unlawful, the District Court had jurisdiction and was correct in passing on Zaffarano's application. The writ of habeas corpus is an incident of the federal judicial power conferred by the Constitution which provides in Article 1, § 9, cl. 2:

> The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.

The primary historic use of the writ of habeas corpus, embodied in the Constitution, as well as 28 U.S.C. § 2241, is to test the legality of a prisoner's current detention, whatever its other functions. Walker v. Wainwright, 390 U.S. 335, 336, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). Since in part at least the prisoner's attack on the legality of his detention is not an attack on the sentence imposed, but based on a claim that the sentence has been fully carried out it is to that extent outside the literal terms of Sec. 2255, and habeas corpus may lie.

### II.

Petitioner relies upon Title 18 U.S.C. § 3568 and § 4208(b) to establish the proposition that any sentencing, or modification of sentence, commences to run from the date of the original commitment, and argues that these sections are applicable to a resentencing under Rule 35. Furthermore, petitioner argues, in computing the time to be credited Zaffarano, the Court was performing an administrative function primarily vested in the Attorney General by 18 U.S.C. §§ 4001, 4161, and 4162, and that therefore there is no reason or basis to search the record to determine the Court's intention.

■ Section 4208(b), 18 U.S.C., does not lay down a general rule as to the form of sentencing, but instead deals with the procedure when a prisoner is initially committed for study and resentenced thereafter, when the court feels that the sentence should be reduced.

Section 3568, Title 18 provides as follows:

> The sentence of imprisonment of any prisoner convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

The portion of the statute providing that the Attorney General shall give any sentenced person credit for presentence custody was effective in 1966, Pub.L. 89–465, June 22, 1966, 80 Stat. 217, and is not retroactive. United States v. Abele, 269 F.Supp. 29, 31 (E.D.La.1967); 80 Stat. 217, § 6. Thus in December 1964, when Judge Carter revoked his judgment and sentence of March 29, 1963, and imposed a new sentence of five years to commence on January 4, 1965, Zaffarano was not, by the literal terms of Section 3568, as it was then in force, entitled to credit for pre-sentence custody, as an administrative matter by the Attorney General.

Moreover, Judge Carter, in imposing the five-year sentence clearly gave Zaffarano not only credit for presentence custody, but liberal credit for mandatory good time and other credits, as both the

District Court and the Fifth Circuit have noted.

 Section 3568, Title 18, has not, finally, been applied to defeat the plain intention of the sentencing judge. In United States v. Morse, 344 F.2d 27 (4th Cir. 1965), a case similar to the one before this court, defendant had served part of an original five-year sentence, when he succeeded in vacating the sentence on the grounds that he was not present in court at the time. In reimposing sentence, with defendant present, the Court was concerned that the prisoner obtain credit for good-time allowances earned while serving the prior invalid sentence, and its new sentence was "two years, dating from today, under the provisions of 4208(a)." The prisoner demanded immediate release, maintaining that the words "from today" were rendered inoperative by 18 U.S.C. § 4208(b) and § 3568, and that he had already served two years from the date of his original commitment. The Fourth Circuit rejected this contention, stating at 30:

> [W]e should carry out the *true intention* of the sentencing judge as this may be gathered from what he said at the time of sentencing. Indisputably that intention in the present case was that the defendant should serve a term of five years from the date of his original commitment, with normal credits for good behavior. The Judge deviated from the usual formula only out of consideration for the defendant to protect him against the possibility that the good time previously earned on an invalid sentence might otherwise be lost. [Emphasis added.]

 The District Court was correct in concluding that petitioner is seeking to obtain double credit for time previously served and good-time allowances, and that his application cannot be sustained upon a plain reading of the December 16, 1964 judgment and order.

The judgment dismissing the application is affirmed.