**Michael ZAFFARANO**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary.**

**Civ. A. No. 13018.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 17, 1969.

2. The complaint avers that Anna was being driven westwardly on old Route 8 across defendant's railroad tracks.

Glenn Zell, Atlanta, Ga., for plaintiff.

Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is an action in the nature of mandamus in which the petitioner is a federal prisoner who is presently confined at the United States Penitentiary in Atlanta serving a sentence imposed upon him by the District Court for the Northern District of California upon his plea of guilty to a charge of violating 18 U.S.C. § 2314 (interstate transportation of goods and securities). Petitioner has moved the court for an order requiring that he be credited with presentence custody time and with post-sentence time served while he was appealing denial of a motion he filed in the sentencing court some 2½ years after conviction.

The record reveals that Petitioner Zaffarano has been in and out of federal courts, both at the district level and at the appellate level, numerous times within the past eight or more years.[1] In July 1959 he was convicted upon a plea of guilty and a ten-year sentence was imposed. After serving almost 2½ years of that sentence Zaffarano filed a motion to vacate on the ground that he had been denied his right of allocution. The trial court treated the motion as a motion to correct illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure, vacated the sentence (leaving the conviction undisturbed of course), and granted him the right of allocution.[2] During the course of allocution Zaffarano stated that his guilty plea in July 1959 had not been voluntarily entered and he then moved

1. Much of the information now in the court's possession has had to be gleaned from prior judicial opinions since the record itself is sketchy as well as confused. *See* Zaffarano v. Fitzpatrick, 287 F.Supp. 87 (S.D.N.Y.1968), aff'd, 404 F.2d 474 (2d Cir. 1968); Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir. 1967); Zaffarano v. United States, 330 F.2d 114 (9th Cir. 1964); Zaffarano v. United States, 306 F.2d 707 (9th Cir. 1962).

2. 306 F.2d at 708.

the court for leave to withdraw the plea.[3] The motion was denied summarily and on October 30, 1961, Zaffarano was sentenced to a ten-year term with credit to be given for all time served since the original sentence was imposed in July 1959.[4] Zaffarano appealed the district court's denial of his motion for leave to withdraw his guilty plea.[5] He remained in custody until April 10, 1962, at which time he was released on bail pending the outcome of his appeal. In September 1962 the Ninth Circuit reversed the judgment of October 30, 1961, and remanded to the district court with directions to hold a hearing in connection with the charges made by Zaffarano in his motion for permission to withdraw his guilty plea.[6] After a hearing the district court denied the motion and on March 29, 1963, Zaffarano was resentenced to ten years imprisonment with credit to be given for time served from July 28, 1959, to October 30, 1961.[7] Zaffarano again appealed the court's denial of his motion to withdraw his guilty plea. On April 6, 1964, the Ninth Circuit affirmed,[8] and on October 12, 1964, the United States Supreme Court denied certiorari.[9] Zaffarano then filed in the district court a motion to modify sentence, and on December 16, 1964, the district court entered an order which revoked and set aside the order of March 29, 1963, and sentenced Zaffarano to imprisonment for a period of five years while specifically providing that "pursuant to Title 18 U.S.C. Section 4208(a) (1) the defendant shall be eligible for parole after eight months." United States v. Zaffarano, Criminal Action No. 36677, N.D. Cal., Dec. 16, 1964.

In 1967 petitioner filed in the Northern District of Georgia a petition for the writ of habeas corpus in which he contended that he should be given credit for all time he had served since the original sentence was imposed in July 1959. The District Court, Hooper, J., rejected that contention and the Fifth Circuit affirmed, holding that on the basis of the incomplete record then before it the fair inference was that the sentencing court, in its order of December 1964, merely sought to specify the remaining time to be served and the date of parole eligibility.[10]

3. Since that motion went to the legality of the conviction rather than to the legality of the sentence, whereas a motion under Rule 35 presupposes a valid conviction, the basis upon which the court considered the entire proceeding to be one under Rule 35 is not clear.

4. 306 F.2d at 708–709.

5. *Id.* at 708.

6. Id. at 710.

7. 383 F.2d 719 (5th Cir. 1967), 720–721, n. 1; Criminal Action No. 36677, N.D.Cal., Dec. 16, 1964.

8. 330 F.2d 114 (9th Cir. 1964).

9. Zaffarano v. United States, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964).

10. The Fifth Circuit based its affirmance on the fact that the final sentence plus time already served would not exceed either the original sentence or the maximum sentence which could have been imposed for the offense. The court indicated that if the final sentence is less than either of those, then we should infer that credit was given for time served. It is doubtful that such an inference would be made today in light of the Fifth Circuit's decision in Rice v. Simpson, 396 F.2d 499 (May 1968), aff'd *sub nom* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (in which the Fifth Circuit specifically adopted the opinion of the lower court, which appears at 274 F.Supp. 116 and held that the petitioner had a constitutional right to time served on a prior sentence even though the last sentence was less than maximum), and in light of the Supreme Court's statement that punishment already endured must be fully subtracted from *any* new sentence imposed, whether the new sentence is a maximum one or not. North Carolina v. Pearce, *supra*, at 718, 89 S.Ct. 2072. In the instant case, however, in portions of the record which apparently were not available to the Fifth Circuit the district court *stated* that his intention was to give petitioner credit for the time he had served between July 1959 and October 1961, plus good time earned during that time, plus a credit to compensate for the smaller amount of good time he would be

Petitioner was released on parole in July 1966 but in February 1968 parole was revoked and petitioner immediately applied to the District Court for the Southern District of New York for the writ of habeas corpus on the ground that he had already served more than the five years to which he was sentenced in December 1964, relying upon the same arguments which had been rejected by the courts which had ruled upon his earlier petitions. The district court denied the writ and the Second Circuit affirmed. Zaffarano v. Fitzpatrick, 287 F.Supp. 87, aff'd, 404 F.2d 474 (2d Cir. 1968).

 The credit which Zaffarano now seeks for time served on the original sentence, i. e., July 1959 through October 30, 1961, must be denied. As is clear from the above discussion, that issue has been raised unsuccessfully in at least two prior instances and has been denied both times on the ground that when imposing the five-year sentence the sentencing court allowed Zaffarano credit for time served on the original sentence plus all possible good time. There is, however, one credit to which Zaffarano now claims he is entitled which has not been presented to or considered by the courts in petitioner's earlier actions, and that is the time served after sentence was imposed the second time, before he was released on bail, i. e., from October 30, 1961, until April 10, 1962.

At a hearing on the merits, which was held in this court on December 3, 1969,

Zaffarano testified that he had "elected not to serve" the October 1961 sentence and therefore had not been given credit for that time. Since the record now before the court contains no reference to such an election (and the United States Attorney was not aware of it prior to the hearing), it is not clear whether one was filed or not. However, at least one earlier court has indicated in a footnote that such an election was filed after sentence was imposed in October 1961. 287 F.Supp. at 88, fn.3. In any event it is evident (1) that the sentencing court never considered that time and that it therefore did not allow him credit for it,[11] and (2) that whether or not he is entitled to credit for it has not been considered by any of the courts which have ruled upon the other aspects of petitioner's case. It is also perfectly clear that the time in question was served while Zaffarano was appealing the sentencing court's denial of his motion for leave to withdraw his guilty plea on the ground that it was coerced.[12]

There appears to be no statutory authorization for staying service of a criminal sentence while the prisoner appeals from a judgment in a civil proceeding such as habeas corpus or a motion to vacate, or while a criminal defendant is appealing anything other than his conviction. See, e. g., Browder v. United States, 168 F.2d 418 (5th Cir. 1948); Lowe v. Hiatt, 77 F.Supp. 303 (M.D. Pa.1948). It is thus evident that if petitioner's October 1961 motion to va-

---

able to earn in the future while serving a five-year sentence rather than a ten-year sentence. See District Judge Carter's statement as quoted by the Court of Appeals for the Second Circuit, 404 F.2d at 476. It is thus not necessary to infer what the Judge intended.

11. The sentencing court always spoke in terms of the original sentence, or of time served between July 1959 and October 1961, plus good time. Even when it referred to "credit for all prior time," it obviously was including only the aforementioned time. See cases cited n. 1 supra; see also Zaffarano v. Fitzpatrick, 287 F.Supp. 87 (S.D.N.Y.1968). Just as

there is no need to infer that credit was allowed when the record affirmatively shows that it was, there is no basis for such an inference when the entire record points the other way.

12. How he was able to obtain release on bail pending appeal of that motion this court does not know, but the record leaves no doubt that he was indeed released on bail. Although the district court treated the entire proceeding as a motion under the Criminal Rule, a motion regarding the voluntariness of a guilty plea is one which ordinarily would be made under 28 U.S.C. § 2255 when made, as in this case, several years after conviction.

cate had been treated as a civil rather than a criminal motion he unquestionably would have been entitled to credit for the time he was in custody pending appeal of the court's denial of that motion. It does not appear to this court that petitioner may be deprived of credit for five months imprisonment merely because the sentencing court wished to treat the entire proceeding as a motion attacking the sentence under Criminal Rule 35 rather than as a collateral attack upon his conviction, even after it became apparent at the hearing on the petitioner's motion to vacate that he was in fact making a collateral attack upon the conviction.[13]

██ The court now finds that petitioner has never received credit for the five months he was in custody after sentence was imposed in October 1961. Furthermore, it appears that (regardless of whether or not a purported election-not-to-serve was filed) a valid election-not-to-serve could not have been filed inasmuch as petitioner was not appealing his conviction but was instead appealing the district court's denial of what amounted to a collateral attack upon that conviction. We therefore hold that he is entitled to have the sentence he is now serving credited with the time he was in custody pending appeal of the court's denial of his October 1961 motion. He will also be entitled to any good-time credit which he earned during that time if it develops that he has not subsequently forfeited all accrued good time or, if having forfeited it, his accrued good time has been restored. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Accordingly, respondent shall credit this petitioner's present sentence with the time he was in custody from the time he was resentenced in October 1961 until he was released on bail in April 1962 plus any good time to which he may be entitled by this order.

It is so ordered.

---

13. *See* Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).