**DOLAN v. SWOPE, Warden, et al.**

**No. 8299.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 23, 1943.

Ferris E. Hurd, of Chicago, Ill., tor appellant.

B. Howard Caughran, U. S. Atty., and Paul A. Pfister and David F. Long, Asst. U. S. Attys., all of Indianapolis, Ind., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from an order denying a petition for habeas corpus. It raises the question whether requiring a prisoner, released for good conduct, who has subsequently violated a parole regulation, to serve the portion of his term that was unexpired at the time of his release, without credit for the period between his release and the parole violation, is to extend his sentence and increase his punishment in violation of the Fifth Amendment of the Constitution of the United States.

There is no dispute as to the facts in this case, and the parties filed an agreed statement. According to that statement, appellant was sentenced to four years' imprisonment on February 27, 1939, and started serving sentence on that date. On March 27, 1942, on account of his good conduct credit, granted by statute (18 U. S.C.A. § 710), he was conditionally released from the custody of the warden of the penitentiary in which he had been confined, subject to all provisions of law relating to the parole of United States prisoners until expiration of the maximum term specified in the sentence, 18 U.S.C.A. § 716b. On November 4, 1942, he pleaded guilty to an affidavit filed in a city court

in Indiana alleging that he had been found intoxicated in a public place, and that he had unlawfully driven an automobile while intoxicated. Judgment was entered against him for both offenses. On December 1, 1942, a member of the Parole Board issued a warrant reciting that he had violated the conditions of his release, and commanding that he be taken into custody. Pursuant to this warrant he was taken into custody on December 12, and returned to the penitentiary at Terre Haute on December 26. Upon recommitment, the Parole Board ordered that he serve the unexpired portion of his term of imprisonment, beginning with December 12, 1942.

On March 2, 1943, appellant filed petition for writ of habeas corpus, alleging that he was being illegally detained for the reasons that his four year term expired on February 26, 1943, and his detention thereafter violated his constitutional right to an indictment and trial by jury and that notice by the Board that his sentence began December 12, 1942, and full term expired November 12, 1943, amounted to the imposition of a new sentence which neither the Board nor the Warden had the legal right to impose, relying upon the statutory provision that " * * * if any such person shall be committed to a jail * * * the sentence of such person shall commence to run from the date on which he is received at such jail * * *. No sentence shall prescribe any other method of computing the term." 18 U.S.C.A. § 709a.

On April 10, 1943, the District Court after hearing, discharged a writ of habeas corpus theretofore issued on March 19, and remanded appellant to the custody of the warden of the penitentiary. It is this order which the appeal challenges.

■ Section 716b of the Criminal Code (18 U.S.C.A. § 716b) provides that any prisoner who shall have served the term for which he was sentenced, less deductions allowed for good conduct (pursuant to section 710) shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence. Section 723c, relating to the retaking of prisoners who have violated their parole, provides that the unexpired term of imprisonment of

any such prisoner shall begin to run from the date he is returned to custody, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve. Counsel for appellant freely concedes that his retaking and detention were pursuant to this statute, and that it authorizes the ruling of the District Court. He contends, however, that the statute is unconstitutional for the reason that it violates the Fifth Amendment by increasing the sentence, thereby subjecting him to double jeopardy.

Appellant urges that one released from prison, but subject to the parole laws, is in legal effect still imprisoned, relying upon the statement of the Supreme Court in Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 44, 68 L.Ed. 247, that, "While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect imprisonment."[1]

The precise question raised by appellant has not been raised in other cases construing the sections of the statute here involved. The case which appears to us most nearly to approach the one before us is Chandler v. Johnston, 9 Cir., 133 F.2d 139. There as here, the prisoner was released by virtue of the good conduct provisions of section 710; before the expiration of his original sentence he was rearrested, for violation of the Dyer Act, 18 U.S.C.A. § 408, and convicted on that charge. After serving his sentence on his second conviction, he was required to serve the balance of his original sentence without credit for the time spent by him on parole prior to the commission of his second offense. Appellant seeks to distinguish this case on the ground that the constitutional question there raised was directed to whether or not the prisoner acquired a vested right to his good conduct credit, and asserts that it does not present the question before this court, whether time served on parole prior to the commission of a second offense constituted actual service of his sentence which he cannot be required to serve a second time, under the language of the Corall case, supra.

Even though the specific question here presented was not raised in the Chandler

[1] See also, to much the same effect, Clark v. Surprenant, 9 Cir., 94 F.2d 969; United States v. Dillard, 4 Cir., 102 F. 2d 94; United States v. Thompson, D.C., 47 F.Supp. 150.

case, the discussion is very pertinent. The Court of Appeals, for the Ninth Circuit held that Congress, being the national legislative body, might prescribe the expiation for a violation of any of its valid criminal statutes, and that, "If Congress has authority to impose a penalty, it can couple any curtailment of the punishment with any conditions it may prescribe." It quoted the language of 15 Am.Jur. on Criminal Law, § 507: "Subject only to constitutional limitations, such as those prohibiting cruel and unusual punishment, excessive fines, the enactment of ex post facto laws, the imposition of double jeopardy, and those guaranteeing equal protection of the laws, due process of law, etc., the legislature may fix the punishment for crime as it sees fit. Its power is practically unlimited; it may take property, liberty or life, in punishment for an infraction of the law, so long as it does not in so doing infringe or violate any of the guaranties secured to all citizens by the Constitution." This was the criterion the court followed in examining sections 710, 713, 716b and 723c for possible constitutional violations, and it states that it was unable to find any reason for invalidity.

We deem it worthy of note that in spite of the language of Anderson v. Corall, supra, upon which appellant relies, the Supreme Court found nothing inconsistent between it and its ruling that the Parole Board was authorized, under the statute, to terminate the parole and require the prisoner to serve the remainder of the sentence originally imposed without any allowance for the time he was out on parole, precisely as in the case at bar. Appellant apparently considers this fact irrelevant for the reason that no constitutional question was presented. We do not agree.

The provisions here involved were under examination by the Court in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 874, 82 L.Ed. 1399, 116 A.L.R. 808. While it does not appear that any constitutional question was raised, the discussion by the Court of the underlying philosophy and reasoning of the parole system is helpful in appraising the statutes with relation to the constitutional question here raised. It said: "The proper working of the parole system requires that the board have authority to discipline, guide and control parole violators whose sentences have not been completed. * * * Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency—under guidance and control of the Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified. If the parole laws should be construed as respondent contends, parole might be more reluctantly granted, contrary to the broad humane purpose of Congress to grant relief from imprisonment to deserving prisoners."

Courts of Appeals for the Fifth and Ninth Circuits have found that an analogous provision of the statute, section 725 relating to probation, is not invalid under the double jeopardy inhibition of the Fifth Amendment.[2] That section provides for revocation of probation or suspension of sentence by the court, and authorizes it thereupon to impose any sentence which might originally have been imposed. In the Roberts case this was held to authorize the imposition of a three year term in place of a two year term originally imposed for an offense, the maximum sentence for which was ten years. The court quoted the holding of the Remer case, supra, that "Under the probation act an increase of sentence is expressly authorized by the statute * * * and, consequently, it is potentially a part of the original sentence."

We are convinced that the same thing is true of the statutory provisions before us. When the original sentence of four years was imposed upon appellant, section 710 provided that he might, for good conduct during his incarceration, be released prior to the expiration of the four year period, and section 716b provided that such release should be subject to all the provisions of law relating to the parole of United States prisoners, one of which provisions was that of section 723c, that if he violated his parole, he should again be taken into custody, and the time he was on parole should not diminish the time he was originally sentenced to serve. In other words, the allowance of the credit for time spent by him outside prison walls in service of his sentence, was conditioned upon continuance of good behavior, and if before

[2] Roberts v. United States, 5 Cir., 131 F.2d 392, 393; Remer v. Regan, 9 Cir., 104 F.2d 704.

304

expiration of his original sentence he by his own misconduct subjected himself to rearrest, he not only forfeited his good conduct credit for the balance of his sentence (which counsel freely concedes) but he also forfeited his credit for the time already spent on parole. As in the probation cases, such increase of sentence was potentially a part of the original sentence, hence not invalid for violation of the double jeopardy inhibition. It is a part of the disciplinary procedure which the Supreme Court held to be a necessary part of the parole laws. As that Court said in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 819, 79 L.Ed. 1566, "Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose." (Citing Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.)

Appellant is not being detained in violation of the Fifth Amendment of the Constitution, and the District Court, therefore, properly discharged the writ of habeas corpus.

Judgment affirmed.