**UNITED STATES of America ex rel. Joe McGILL, Petitioner-Appellant,**

v.

**Theodore SCHUBIN, Warden, Ossining Correctional Facility, Respondent-Appellee.**

**No. 711, Docket 72–2302.**

United States Court of Appeals, Second Circuit.

Argued March 28, 1973.

Decided April 2, 1973.

Robert A. Stolzberg, The Legal Aid Society, Prisoners' Rights Project, New York City (William E. Hellerstein, New York City, on the brief), for petitioner-appellant.

Stephen P. Seligman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY, Chief Judge, LUMBARD, Circuit Judge, and THOMSEN, District Judge.*

PER CURIAM:

Joe McGill appeals from an order of the Southern District denying his petition for habeas corpus. On June 18, 1969, in the Supreme Court of New York County, appellant was convicted of the crime of criminal possession of a dangerous weapon and was sentenced to a four-year indeterminate term. After serving two years and eight months of his sentence, he was released from confinement on a conditional release, pursuant to New York Penal Law § 70.40.[1] Eleven months later, appellant violated a condition of his release and was returned to prison. Prior to his conditional release, the maximum expiration date of appellant's term was May 30, 1972. However, when his release was revoked, the state, pursuant to the statutes governing conditional release,[2] refused to give appellant sentence credit for the eleven months that he was conditionally released prior to his violation. As a result, the maximum expiration date of his sentence was extended to April 21, 1973. Appellant claims that

---

* Senior District Judge of the District of Maryland, sitting by designation.

1. § 70.40(1)(a) provides that a prison inmate serving an indeterminate term may be conditionally released, if he so elects, when his total accumulated good-behavior time is equal to the remaining unserved portion of his maximum term. The difference between conditional release and parole is that the latter is granted only at the discretion of the parole board while the former is granted, with no prior exercise of discretion, as soon as the accumulated good-behavior time equals the unserved portion of the sentence.

2. Penal Law § 70.40(1)(b) and (3)(b) provide that the conditional releasee shall not receive sentence credit for the period of release unless he completes the period of the release without breaching the conditions thereof. Correction Law § 827(5) makes such a term a condition to which the prisoner must agree at the time he elects to be released.

the denial of sentence credit and the consequent extension of his maximum expiration date was improper.

After vainly seeking habeas corpus in the state courts, appellant filed the present petition in the Southern District in which he raised the same claims he had asserted in the state proceeding. On appeal from the district court's denial of his petition, appellant makes two contentions: 1) that the state's depriving him of sentence credit for the time served on his conditional release prior to his violation and thus extending his maximum release date violated the double jeopardy clause of the fifth amendment, made applicable to the states by the due process clause of the fourteenth amendment; and 2) that by denying appellant, a conditional releasee, sentence credit while affording such credit to parolees who violate their parole, the state violated appellant's right to equal protection of the law. For reasons that follow, we do not find these contentions to be meritorious and, therefore, we affirm the order of the district court.

■ The New York conditional release provisions are very similar to the federal parole statute, which provides for denial of sentence credit when parole is violated.[3] When presented with challenges to the validity of this federal provision, the courts of appeals have consistently found it to be constitutional (See, e. g., O'Callahan v. Attorney General, 351 F.2d 43 (1st Cir. 1965), cert. denied, 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531 (1966); Moore v. Smith, 412 F.2d 720, 725 (7th Cir. 1969); and Dolan v. Swope, 138 F.2d 301 (7th Cir. 1943)), although this circuit has apparently not yet considered the question. The courts have rejected appellant's double jeopardy claim on the ground that the denial of credit for time served on parole when a parole violator is returned to prison does not amount to an extension of the parolee's sentence, but rather is "potentially a part of the original sentence, [and] hence not invalid for violation of the double jeopardy inhibition." Dolan v. Swope, *supra*, p. 304. We agree with this analysis of the issue and find it equally applicable to the conditional release provisions of New York law. Accordingly, we reject appellant's contention that the denial of sentence credit for the time he spent on conditional release violated the double jeopardy clause.

■ When a parolee, in contrast to a conditional releasee, violates the terms of his release, New York law provides that, upon his return to prison, he shall be given credit on his sentence for the time spent on parole prior to the violation.[4] Appellant contends that, in treating conditional releasees more harshly than parolees with regard to sentence credit for time spent on release, the state is violating equal protection because there is no rational basis to support this difference in treatment. However, we conclude that the distinction drawn in New York law is amply supported by rational grounds.

In its brief, the state has informed us that, because of the nature of conditional release,[5] an inmate who is so released will have already served at least two-thirds of his sentence, whereas parole is typically effected at an earlier portion of the sentence. The significance of this fact is that the state can reasonably conclude that a parolee will have a sufficient amount of time remaining in his sentence to deter him from absconding or engaging in prohibited conduct during the crucial readjustment period immediately following his release from prison, but that a conditional releasee, with a much shorter portion of his sentence remaining at this time, will be substantially less deterred if he need only serve the remain-

---

3.  18 U.S.C. § 4205.

4.  Penal Law § 70.40(1)(a).

5.  Conditional release is tied to the amount of accumulated good-behavior time, which Penal Law § 70.30(4) limits to a maximum of one-third of the prisoner's maximum or aggregate maximum term.

**1260**

der of his sentence without forfeiture of time spent on release.

The state has an interest in providing an adequate sanction in the event that conditional releasees violate the conditions of their release. We cannot say that this interest does not supply a rational basis for the distinction that New York has drawn. It does not matter that the state scheme may result in harsher sanctions for the conditional releasee than for the parolee. The broader considerations that go into the decision to grant parole justify the state in concluding that a conditional releasee represents a greater risk to the community and requires a sharper deterrent than does a parolee. Thus, we reject appellant's equal protection contention and, accordingly, affirm the district court's denial of the petition.