Jean BAKER, Petitioner-Appellant,

v.

The **SHERIFF OF SANTA FE COUNTY**
and the United States Marshal,
Respondents-Appellees.

No. 72–1849.

United States Court of Appeals,
Tenth Circuit.

Submitted March 27, 1973.

Decided April 25, 1973.

E. Douglas Latimer, Marchiondo & Berry, Albuquerque, N. M., for petitioner-appellant.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., for respondents-appellees.

E. Douglas Latimer filed a memorandum in opposition to summary affirmance on behalf of appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

In 1967 Jean Baker, as a result of plea bargaining, entered pleas of guilty and sentence was imposed by the United States District Court for the Southern District of Florida. She commenced service of the sentence at the Federal Reformatory in Alderson, West Virginia from which she escaped in 1969 to the State of New Mexico where she was apprehended by federal authorities over two years later. Upon her arrest she sought state habeas corpus relief to retain her presence in New Mexico, and that action was removed to the United States District Court for the District of New Mexico.

The amended federal habeas corpus petition alleged that the guilty pleas were prompted by promises that she would not be released to the custody of Switzerland officials for extradition purposes. Mrs. Baker is a Swiss citizen and an admitted escapee from a Swiss prison. In sum, the contention is that the plea bargain agreement was breached thereby rendering the pleas in-

voluntary and the resulting confinement unlawful.

The proceedings in the federal district court included an evidentiary hearing and were concerned primarily with the question of jurisdiction to entertain an action challenging the voluntariness of the Florida federal sentence. The court determined that it lacked jurisdiction to grant the requested relief and dismissed the petition for writ of habeas corpus. We agree.

28 U.S.C. § 2255 provides, in part:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

██ A federal prisoner seeking relief from his federal sentence has Section 2255 as his exclusive remedy. Duval v. Willingham, 390 F.2d 203 (10th Cir. 1968), cert. denied, 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149. " '[T]he sole purpose [of Section 2255] was to minimize the difficulties encountered in habeas corpus hearings *by affording the same rights in another and more convenient forum,*' [citation] (italics supplied); . . . ." Kaufman v. United States, 394 U.S. 217, 221, 89 S.Ct. 1068, 1071, 22 L.Ed.2d 227 (1969). It is elementary that the remedy under Section 2255 is entirely adequate and effective to challenge the voluntariness of a guilty plea. We are unimpressed with the urging that this is a case of first impression, seeking specific enforcement of the plea bargain agreement, or that an escapee is not "in custody under sentence" for Section 2255 to apply.

Our initial review of this case prompted its assignment to the summary calendar and notice of our contemplated summary disposition and an opportunity to oppose in a memorandum addressing the issue herein was extended. The retained attorney has submitted the memorandum. We have now carefully and thoroughly reviewed the files and records in this cause and are convinced that the judgment of the district court is correct.

Affirmed.