**David SAMUELS, Plaintiff,**

v.

**Hon. Peter PREISER, as New York State Parole Commissioner, and Joseph Pizzano, as New York State Parole Officer, Defendants.**

**No. 73 Civ. 4703.**

United States District Court,
S. D. New York.

April 16, 1974.

---

6. Emphasis supplied.

David Samuels, Pro Se.

Louis J. Lefkowitz, New York State Atty. Gen., for defendant.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a civil rights action (42 U.S.C. § 1983) brought by the plaintiff Samuels, a state prisoner, against Peter Preiser, the New York State Parole Commissioner, and Joseph Pizzano, a New York State Parole Officer. Both sides have made motions for summary judgment. Both sides state that there are no genuine issues as to any material fact.

It is thus undisputed that when the plaintiff was conditionally released from jail on March 5, 1968, his maximum expiration date was September 29, 1969, and he therefore owed 1 year, 6 months and 24 days. Before the expiration of this conditional release period, plaintiff was arrested on new charges and, having absconded from parole supervision, was declared a delinquent by the Parole Board. Plaintiff was again arrested on other charges in 1973 and was returned to state prison for violation of the conditions of his release. Plaintiff received a parole jail time credit of 7 months and 21 days but received no credit for "street time". Thus, upon the plaintiff's return to jail he owed 11 months and 3 days and now has an adjusted maximum expiration date of August 12, 1974.

Plaintiff challenges the Parole Board's authority to interrupt a sentence once imprisonment has begun. Plaintiff contends that the Parole Board has no power to hold a portion of the maximum term in abeyance. I find this contention to be totally without merit in light of New York Penal Law § 70.-40(1)(b) which provides in pertinent part: "Conditional release shall interrupt service of the sentence or sentences and the remaining portion of the maximum or aggregate maximum term shall be held in abeyance."

It is thus clear that in New York the sentence of a prisoner who is conditionally released is held in abeyance for a statutorily determined period of time. New York Penal Law § 70.40. I find that this law is reasonable and in no way infringes any of the plaintiff's constitutional protections or privileges. In fact, the United States Court of Appeals for the Second Circuit has recently upheld the constitutionality of this very section. United States ex rel. McGill v. Schubin, 475 F.2d 1257 (2d Cir. 1973).

The defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied in all respects.

So ordered.