**Morton SCHERL, Petitioner,**

v.

**UNITED STATES of America and Larry Taylor, Warden, Metropolitan Correctional Center, Respondents.**

No. 76 Civ. 885.

United States District Court,
S. D. New York.

April 6, 1976.

---

Jacob P. Lefkowitz, New York City, for petitioner; Robert Aron Fried, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for respondents; Michael H. Dolinger, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, now confined to the Metropolitan Correctional Center in this district, pursuant to a judgment of conviction for mail fraud entered upon his plea of guilty in 1970 in the District Court for the Central District of California, moves pursuant to 28 U.S.C., section 2255, to vacate and set aside the judgment of conviction, or in the alternative that the sentence be reduced. He also requests "an immediate evidentiary hearing" as to the issues raised by him.

Petitioner asserts three claims. He contends (1) that his original sentence was "illegal" because probation was conditioned by the California court on payment of restitution in an unspecified amount to be determined by the .probation office; (2) that the extension of his term of probation by that court from three to five years without notice or a hearing violated his right to due process under the Fourteenth Amendment and therefore makes his present confinement unconstitutional; and (3) that he has not received credit on his term of imprisonment for the time he was on probation.

■ This court is without jurisdiction as to petitioner's first two claims,

which under section 2255 [1] should be addressed to the California court which imposed the sentence and extended the period of probation.[2] The purpose of that section was to require a petitioner challenging a sentence as unauthorized or unconstitutional to apply to the district court which entered the sentence instead of to the court in the district in which he is confined.[3]

█ As to petitioner's third claim, that he is entitled to credit on his prison term for time he was on probation, this court does have jurisdiction.[4] However, it has long been the rule, uniformly applied in all circuits, that the period during which a defendant is on probation after suspension of sentence is not to be credited on imposition of sentence of imprisonment upon revocation of probation.[5]

Petitioner's application is denied in all respects.

1. § 2255 provides that only the sentencing court may hear such challenges to the sentence imposed:

   "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence . . is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*" 28 U.S.C. § 2255 (emphasis added).

2. Our Court of Appeals has stated:

   "There is merit to the argument that under 28 U.S.C. § 2255 an attack on a sentence, or an attempt to modify a sentence, should in the first instance be made to the sentencing court, whether or not we term the requirement strictly jurisdictional." *Zaffarano v. Fitzpatrick,* 404 F.2d 474, 478 (2d Cir.1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766 (1969).

   And the general rule followed in other circuits is that:

   "A *habeas* petition cannot even be entertained with respect to matters cognizable under § 2255 unless the § 2255 motion has been made or unless it appears that the remedy by motion would be inadequate to test

the legality of the detention." *McCall v. Swain,* 510 F.2d 167, 185 n. 53 (D.D.C.1975). Thus, § 2255 is the "exclusive remedy" in such cases and "[r]esort may not be had to petition for issuance of writ of habeas corpus." *Brown v. Warden,* 351 F.2d 564, 568 (7th Cir.), cert. denied, 382 U.S. 1028, 86 S.Ct. 65, 15 L.Ed.2d 541 (1965). *See also Rivera v. Heritage,* 314 F.2d 332 (5th Cir.), *cert. denied,* 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); *Sanchez v. Taylor,* 302 F.2d 725, 726 (10th Cir.), *cert. denied,* 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101 (1962).

3. *See Kaufman v. United States,* 394 U.S. 217, 221–22, and 222, n. 5, 89 S.Ct. 1068, 1071, 22 L.Ed.2d 227, 234 (1969); *United States v. Hayman,* 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232, 241 (1952).

4. *See Zaffarano v. Fitzpatrick,* 404 F.2d 474, 478 (2d Cir.1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766 (1969).

5. *Kaplan v. Hecht,* 24 F.2d 664, 665 (2d Cir. 1928). *See also United States v. Hawkins,* 492 F.2d 771, 772 (5th Cir.), *cert. denied,* 419 U.S. 1052, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *Baber v. United States,* 368 F.2d 463, 465 (5th Cir.1966); *Thomas v. United States,* 327 F.2d 795, 796 (10th Cir.), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964).