Charles W. WHITE, Petitioner,

v.

Donald W. WYRICK, Warden, Missouri
State Penitentiary, Respondent.

No. 77–229–CV–W–4.

United States District Court,
W. D. Missouri, W. D.

June 17, 1977.

Charles W. White, pro se.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DISMISSING CAUSE WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a state prisoner presently confined within the Missouri State Penitentiary at Jefferson City, Missouri, has filed *pro se* the above-styled petition for writ of habeas corpus challenging the validity of his confinement pursuant to a sentence of three years' imprisonment for the offense of driving a motor vehicle without the owner's consent.

The petition alleges that petitioner was convicted upon his plea of guilty to the above charge, and sentenced on October 2, 1975, to a term of three years, suspended, and placed on probation for a period of five years. Petitioner, who was represented by counsel during his arraignment and plea and his sentencing proceeding, did not appeal from his conviction and sentence.

According to petitioner, he remained on probation until October 15, 1976, at which time his probation was revoked by the sentencing judge without the provision of written reasons therefor, and petitioner was sentenced to three years' imprisonment without credit granted for time served on probation. Petitioner contends that denial of credit for time served on probation prior to imposition of sentence deprives him of due process and equal protection of the law because he is not afforded the same rights granted to parolees. He further contends that with credit granted for time served on probation and time served in the Missouri State Penitentiary, he has fully served his sentence and is entitled to his release.

■ The petition states that petitioner has presented petitions for writ of habeas corpus with respect to this conviction to the Circuit Court of Cole County, Missouri and to the Missouri Supreme Court, and that each petition was denied. Petitioner further states that he has not presented the issues raised in this petition to the state court in the form of a motion to vacate under Missouri Supreme Court Rule 27.26.

From the face of the petition herein, therefore, it is clearly evident that petitioner has not exhausted his adequate and available state remedies with respect to the issues he asserts. The issue of credit for time served on probation certainly is cognizable under a 27.26 motion in the state courts, *Shepherd v. State,* 529 S.W.2d 943 (Mo.App.1975); *King v. State,* 510 S.W.2d 747 (Mo.App.1974); *Gordon v. State,* 501 S.W.2d 489 (Mo.App.1973), and petitioner should exhaust that remedy before seeking federal habeas corpus relief.

■ The requirement that available state remedies be exhausted prior to the granting of federal habeas corpus relief is satisfied if the issues presented in a habeas corpus petition have been presented to the state courts for direct review. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). However, as petitioner admits that he has not attempted direct appeal of his conviction, he must show that he has employed available post-conviction proceedings in the state courts. *Tyler v. Swenson,* 440 F.2d 621, 623 (8th Cir. 1971). It is well-settled in this district that the summary denial of a petition for habeas corpus by the Supreme Court of Missouri does not constitute the exhaustion of state remedies. See, e. g., *Lindner v. Peterson,* 324 F.Supp. 1261 (W.D.Mo.1971). Although petitioner has sought writs of habeas corpus in the Circuit Court of Cole County and the Missouri Supreme Court, he has not demonstrated that those courts entertained his petitions on the merits. Rather, it is most probable that the denials of petitioner's state habeas actions were summary, for failure to use his proper and available remedy under Missouri Rule 27.26. The Missouri Supreme Court recently stated in *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. en banc, 1976), that upon receipt of a petition for writ of habeas corpus which on its face seeks relief encompassed by Rule 27.26, its practice has been to permit the petition to be filed but then to deny the writ without prejudice to the right to proceed under Rule 27.26. Rule 27.26 was adopted by the Missouri Supreme Court to provide a proper, orderly, and efficient method for the presentation and disposition of claims brought by a person under sentence and in state custody who asserts the invalidity or unconstitutionality of his conviction and sentence, and petitioner's claim clearly is one which is properly presented through the procedures provided by that rule. *Wiglesworth v. Wyrick, supra.* It is, therefore, incumbent on petitioner to make full use of the procedures provided by that rule before presenting his claim to this court. For failure to exhaust state remedies, the petition must be dismissed. A similar result on identical issues was reached in *Brown v. Wyrick,* No.

77–0159–CV–W–1 (W.D.Mo., March 31, 1977).

Notwithstanding the failure of petitioner to properly exhaust his state court remedies and the dismissal which necessarily results therefrom, the Court will take this opportunity to briefly discuss petitioner's claim on the merits, which this Court views as being frivolous and wholly without merit. Petitioner attacks the Missouri scheme for determining whether time served by a defendant on probation should be credited against his sentence. Before discussing this contention more fully, however, a brief statement of the Missouri statutory scheme relating to probation and parole is in order.

Under Missouri law, those defendants who have been placed under the jurisdiction of the Missouri Department of Corrections are subject to being granted probation or parole by the State Board of Probation and Parole. R.S.Mo. § 549.261 (1969). The courts, by statute, are rendered incapable of granting this relief to such defendants. R.S.Mo. § 549.121.2. Where parole is granted by the State Board, "[t]he period served on parole shall be deemed service of the term of imprisonment . . ." R.S.Mo. § 549.275.1 (1969). However, where probation or parole is properly granted by the court, whether credit is to be given, in whole or in part, for the time the defendant was on probation or parole is a matter committed by statute to the discretion of the court. R.S.Mo. § 549.101.1 (1969). The Missouri scheme is best capsulized in *Gordon v. State,* 501 S.W.2d 489, 490 (Mo.App. 1973), where the Court stated:

> [I]n the case of a judicial parole (or probation) the credit against the term of imprisonment is discretionary with the court; whereas, in the case of an administrative parole the credit against the sentence is mandatory.

It should be further observed that, under Missouri law, where the court does not order such an allowance to be made at the time of revocation, it will be deemed an exercise of discretion against granting the credit. *Gordon v. State, supra,* at 490.

Clearly, "the statutory refusal to count time spent on parole when sentence is resumed does not violate due process." *Firkins v. State of Colorado,* 434 F.2d 1232, 1233 (10th Cir. 1970). See also, *Moore v. Smith,* 412 F.2d 720, 725 (7th Cir. 1969); *Weathers v. Willingham,* 356 F.2d 421, 422 (10th Cir. 1966). It is petitioner's contention, however, that distinctions made by the aforesaid statutory classification violate his rights to equal protection of the law. This contention is wholly without merit. Undoubtedly, the Missouri scheme differentiating the effect of time spent on probation or judicially granted parole from the effect of time spent on parole granted by the State Board of Probation and Parole withstands Constitutional scrutiny.

The equal protection clause of the Fourteenth Amendment does not, of course, prohibit a state from treating different classes of persons in different ways. *Barbier v. Connolly,* 113 U.S. 27, 32, 5 S.Ct. 357, 28 L.Ed. 923, 925 (1885). However, any classification which a state legislatively imposes "must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989, 990–91 (1920). In the case now before the Court, it is evident that persons who have been placed on probation or granted parole by a court pursuant to R.S.Mo. § 549.071 (1969) and those who have been granted parole by the Board of Probation and Parole under R.S.Mo. § 549.-261 (1969) are not "similarly circumstanced" for purposes of determining whether time spent on the probation or parole should be credited to the sentence.

Under Missouri law, a defendant's sentence commences from the time he is actually received by the Department of Corrections. *Johnson v. Haynes,* 504 S.W.2d 308, 310 (Mo.App.1973). There being nothing to stay the running of this sentence once commenced, it is mandatory that time served on parole granted *after* the defendant has been delivered to the Department of Corrections be credited against that sentence.

R.S.Mo. § 549.275.1; *Gordon v. State, supra,* at 490. One granted probation or judicial parole, however, by statutory proscription, must not have been delivered to the Department of Corrections. R.S.Mo. § 549.-121.2 (1969). Thus, such a defendant would not yet have begun his sentence. Simply put, "probation is not a sentence nor could the conditions of probation be a sentence." *McCulley v. State,* 486 S.W.2d 419, 423 (Mo. 1972). Having not yet begun his sentence, a probationer or a judicial parolee under R.S.Mo. § 549.071 (1969) is, for purposes of having his time spent on probation or parole credited against any sentence imposed, simply not similarly situated with one who has been granted administrative parole under R.S.Mo. § 549.261 (1969), the latter having been continuously serving his sentence from the moment of his delivery to the Department of Corrections. It is plain, therefore, that to distinguish between judicial parolees and probationers on the one hand and administrative parolees on the other is to distinguish between two groups of persons *not* similarly situated; indeed, it is to classify them, for purposes of determining whether credit against their sentences should be granted upon parole or probation revocation, according to whether their sentences had yet begun. A more rational basis for classification this Court cannot conceive.

It is further the opinion of this Court that, even if probationers and judicial parolees under R.S.Mo. § 549.071 (1969) are deemed similarly situated with administrative parolees under R.S.Mo. § 549.261 (1969), still, no Constitutional infirmity exists. Assuming, *ad arguendo,* that what this Court has already deemed to be two separate and distinct classes are, in fact, but one class of persons "similarly circumstanced," the aforesaid legislative distinction in dealing with members of that "class" must be supported if there exists any rational basis for the distinction. *McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282, 288 (1973). The reason for adopting a deferential approach to the subject area is plain: it involves "the State's sensitive and difficult effort to en-courage for its prisoners constructive future citizenship while avoiding the danger of releasing them prematurely upon society." *McGinnis v. Royster, supra,* at 270, 93 S.Ct. at 1059. That the legislative classification with which we are herein concerned rationally furthers a legitimate state purpose is obvious. Before one is eligible for administrative parole under R.S.Mo. § 549.261, he must have served two-thirds of his time or two years, whichever is shorter, or served, without infraction of the rules or laws of the penal or correctional institution, one-third of his time or twelve months, whichever is shorter. Having been thus exposed to the penal and correctional services of the State, the State may rationally conclude that the threat of reincarcerating the administrative parolee upon revocation of parole with no credit given toward his sentence for time spent on parole is *not* a necessary or desirable step to take to further the public good. In like manner, the State may rationally conclude that the probationer or judicial parolee, having not been exposed to the penal and correctional services of the State, must have a sufficient amount of time remaining in his sentence to deter him from absconding or engaging in prohibited conduct during his probation or judicial parole. Further, it is rational for the State to conclude that the probationer or judicial parolee will be substantially less deterred if he need only serve the time remaining under his sentence in the event of revocation, credit being given for time spent on probation or judicial parole.

*United States ex rel. McGill v. Schubin,* 475 F.2d 1257 (2d Cir. 1973) lends support to the result achieved in the instant case. There, the Court upheld a legislative distinction made by the State of New York which allowed a parolee who violates terms of his release credit on his sentence for time spent on parole prior to the violation but refuses to extend like credit to a conditional releasee. Noting that, to qualify for a conditional release, an inmate must have served at least two-thirds of his sentence, whereas parole is typically effected at an earlier portion of his sentence, the Court observed, at 1259–60:

The significance of this fact is that the state can reasonably conclude that a parolee will have a sufficient amount of time remaining in his sentence to deter him from absconding or engaging in prohibited conduct during the crucial readjustment period immediately following his release from prison, but that a conditional releasee, with a much shorter portion of his sentence remaining at this time, will be substantially less deterred if he need only serve the remainder of his sentence without forfeiture of time spent on release.

The state has an interest in providing an adequate sanction in the event that conditional releasees violate the conditions of their release. We cannot say that this interest does not supply a rational basis for the distinction that New York has drawn.

While the differences between the status of a Missouri probationer and a New York conditional releasee are evident, and while the reasoning employed by the State of New York to support its scheme is not necessarily consistent with the reasoning employed to support the Missouri scheme, this in no way lessens this Court's resolve to defer to what it has concluded to be a rational scheme, furthering a legitimate state interest, devised by the Missouri legislature. Referring to "the State's sensitive and difficult effort to encourage for its prisoners constructive future citizenship while avoiding the danger of releasing them prematurely upon society," the Supreme Court, in *McGinnis v. Royster, supra,* 410 U.S. at 270, 93 S.Ct. at 1059, stated:

> We do not wish to inhibit state experimental classifications in a practical and troublesome area, but inquire only whether the challenged distinction rationally furthers some legitimate, articulated state purpose.

As discussed above, the Missouri scheme *does* rationally further a legitimate state interest and thus survives the equal protec-

tion attack mounted against it by petitioner. A similar result on this very issue was achieved in *State v. Gideon,* 510 S.W.2d 190 (Mo.App.1974).

Petitioner's reliance on *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) is misplaced. *Gagnon,* of course, set forth certain procedural due process guidelines governing proceedings to revoke probation and pointed out that, for purposes of affording procedural due process, there exists no real and substantial basis for distinguishing between probation revocation proceedings and parole revocation proceedings. Petitioner herein, however, does not contest the fairness of the proceedings by which his probation was revoked, thus rendering *Gagnon* inapplicable.

Because petitioner has failed to exhaust available state court remedies before filing the present petition seeking federal habeas corpus relief, it is therefore

ORDERED and ADJUDGED that the above-styled petition for writ of habeas corpus be, and it is hereby, denied.[1]

---

1. This Court's gratuitous discussion pertaining to petitioner's equal protection claim, and the citations contained in that discussion, are made in the hope that they might provide petitioner with a more complete view of the law which may be applied to his situation.