Alejandro MARTINEZ, Petitioner,

v.

Irl E. DAY, Warden, Respondent.

No. CIV–77–1091–D.

United States District Court,
W. D. Oklahoma.

March 14, 1978.

Alejandro Martinez, pro se.

---

John E. Green, Acting U. S. Atty., by Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a federal prisoner confined at the Federal Correctional Institution at El Reno, Oklahoma in this judicial district. On June 6, 1972, the petitioner was convicted in the United States District Court for the Southern District of Texas of a violation of Section 841(a)(1) of Title 21, United States Code, Unlawful Possession With Intent to Distribute a quantity of Marihuana. He was given a five-year sentence but execution of the sentence was suspended and the petitioner was placed on probation for a period of five years with supervision to begin upon the petitioner's release from confinement imposed by a previous conviction. The probation took effect on November 7, 1973, following release from incarceration on the prior conviction. Subsequently on February 9, 1977, petitioner's probation officer filed an application for revocation of the probation. On April 6, 1977, the probation was revoked and the original sentence was ordered executed with the petitioner committed to the custody of the Attorney General for imprisonment for five years with a special parole term of two years.

The petitioner contends that he should have been given credit on the service of his sentence for some 41 months on probation and that the failure to do so constitutes double jeopardy and an impermissible increase of his original sentence. A claim by a federal prisoner that he has not received credit on his term of imprisonment for the time he was on probation has been held cognizable on a petition for a writ of habeas corpus in the district of confinement. *Scherl v. United States,* 411 F.Supp. 952 (S.D.N.Y.1976).

 The refusal to credit probation time against the prison sentence is neither double jeopardy nor an enlargement of the original sentence of imprisonment. *Hall v. Bostic,* 529 F.2d 990 (CA4 1975). The Federal Probation Statute does not provide for credit on service of sentence for time spent on probation. 18 U.S.C. § 3653. Under the statute the federal rule is well established. The defendant whose probation has been revoked is not entitled to have time on probation credited on his sentence. *United States v. Guzzi,* 275 F.2d 725 (CA3 1960). See also *Baber v. United States,* 368 F.2d 463 (CA5 1966). A similar argument that a person on probation is not free but instead is subject to restrictions and control was rejected by the Tenth Circuit in *Thomas v. United States,* 327 F.2d 795, 796, 797 (CA10 1964), which held:

"The purpose of probation is to permit the judge to give the convicted person an opportunity to amend his ways and to so have his freedom under conditions, or at least to have such freedom after a short period of imprisonment. It is an act of grace to the one convicted and it is granted as a privilege, not as a right. *Yates v. United States,* 308 F.2d 737 (10th Cir.); *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. The pressure upon the individual during the period of probation is of course the possibility of having to serve the sentence imposed, or of having the sentence imposed. *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41. The last sentence of 18 U.S.C. § 3653 states that the court may revoke probation and require the prisoner to serve 'sentence imposed, or any lesser sentence . . .' This means in the case at bar the court could and did require appellant to serve any part or all of the original sentence, execution of a portion of which was suspended to permit the release on parole."

The petitioner also asserts that if a parolee is given credit for "the time spent on the street" then a probationer upon revocation of his probation should likewise be given credit. In a change in the law under the Parole Commission and Reorganization Act, Public Law 94–233 (1976) the United States Parole Commission in certain circumstances must give credit to an individual whose

parole is revoked for time spent on parole. See 18 U.S.C. § 4210 and the implementing regulations, particularly 28 CFR § 2.52C(2) (1976). However, in the recent case decided January 3, 1978, *United States v. Shead,* 568 F.2d 678, the Tenth Circuit compared the provisions of the probation and parole statutes and concluded:

"The Due Process and Equal Protection Clauses do not command symmetry within the probation and parole systems. Legislative solutions are valid and must be respected if the distinctions drawn have some basis in practical experience or if some legitimate state interest is advanced. *McGinnis v. Royster,* 410 U.S. 263, 276, 93 S.Ct. 1055, 35 L.Ed.2d 282; *South Carolina v. Katzenbach,* 383 U.S. 301, 331, 86 S.Ct. 803, 15 L.Ed.2d 769. We agree with a similar holding of the Minnesota court that the differences in treating the credit given for time spent on probation and parole before revocation do not offend equal protection or due process principles."

In his traverse, the petitioner for the first time complains that at the time his probation was revoked he received an illegal increase in his sentence by the additional punishment of a special parole term of two years. Such an attack upon the legality of the sentence itself may only be raised by 28 U.S.C. § 2255. Section 2255 is the exclusive remedy for a federal prisoner seeking relief from his federal sentence. *Baker v. Sheriff of Santa Fe County,* 477 F.2d 118 (CA10 1973).

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.