**John STERLING, Petitioner,**

v.

**Theodore C. REID, Superintendent, Fishkill Correctional Facility, Respondent.**

**79 Civ. 2615.**

United States District Court, S. D. New York.

Oct. 9, 1979.

John Sterling, pro se.

Robert Abrams, Atty. Gen., New York City, for respondent; Donald Sticklor, Deputy Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, on October 1, 1974, pleaded guilty in the Supreme Court of New York, New York County, to criminal possession of a dangerous weapon, a Class D felony. He was placed on probation for a term of five years. On June 23, 1977 he was found to be in violation of probation as a result of a number of arrests and convictions while on probation. His probation was revoked and he was sentenced on August 4, 1977 to an indeterminate term of imprisonment of not more than seven years.

Petitioner attacks the sentence because the sentencing judge did not give him credit for the time he was on probation, referred to as "street time."[1] First, he contends

1. Petitioner appealed the sentence to the Appellate Division, First Department, raising his

constitutional claims asserted here. The appeal was denied and the sentence affirmed in

that the failure to grant him credit for "street time" constitutes a violation of federal and state constitutional guarantees against double jeopardy [2] by making him re-serve time already served on probation. Second, petitioner argues that, because New York does grant credit for "street time" for time spent on either parole [3] or conditional release,[4] the failure to grant similar credit when probation is revoked violates federal and state equal protection provisions.[5]

■ Petitioner's first claim is without merit. The denial of credit for "street time" is a practice common in both state and federal systems.[6] The validity of such a practice under the constitutional safeguard against double jeopardy is well-established. In *United States ex rel. McGill v. Schubin*,[7] for example, the Second Circuit sustained the New York statute then in effect which denied credit for "street time" to violators of conditional release [8] against a double jeopardy challenge. It held that "denial of credit for time served . . . does not amount to an extension of the . . . sentence, but rather is 'potentially a part of the original sentence, [and] hence not invalid for violation of the double jeopardy inhibition.'"[9] This analysis is equally applicable to probation violation and has been so applied, with the the same result as in *Schubin*.[10] Accordingly, the sentencing judge's failure to allow for "street time" in petitioner's sentence did not constitute double jeopardy and was, in that respect, constitutionally sound.

As noted above,[11] while probation violators in New York are not granted credit against their sentence for time while under probation,[12] such credit is accorded under

an order of January 18, 1979. The New York Court of Appeals denied leave to appeal in an order of March 27, 1979. Petitioner has thus properly exhausted his state remedies.

**2.** U.S.Const. Amendments V and XIV; N.Y. Const. Art. 1, § 6.

**3.** *See* N.Y. Penal Law § 70.40(1)(a) (McKinney's Cum.Supp.1978).

**4.** *See Id.* § 70.40(1)(b). Prior to 1975, no "street time" credit was given to violators of conditional release. *See* N.Y. Penal Law § 70.-40(3)(b) (McKinney's 1975). The law was amended in 1975 and now provides for such credit. Both parole and conditional release involve the release of an offender who has been sentenced to and who has spent time in prison. Conditional release differs from parole in that it is not discretionary with the parole board. A prisoner shall be released, at his request, when his accrued good behavior time equals the unserved portion of his maximum sentence. Conditional release is, nonetheless, subject to conditions imposed by the parole board. *Id.* § 70.40(1)(b).

Because the distinctions between them are not germane to this case, this opinion, when contrasting them with probation, will refer to parole and conditional release together as "parole" and one released under either provision as a "parolee."

**5.** U.S.Const. Amendment XIV; N.Y. Const. Art. 1, § 11.

**6.** *See Hall v. Bostic*, 529 F.2d 990, 991 (4th Cir. 1975), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976) (citing cases). Prior to 1976, no "street time" was credited to the sentences of federal parole violators. Under the 1976 amendments to federal parole laws, "street time" is credited except in certain specified circumstances. 18 U.S.C. § 4210 (1979). *See Toomey v. Young*, 449 F.Supp. 336 (D.Ct. 1978), *aff'd*, 589 F.2d 123 (2d Cir. 1979).

**7.** 475 F.2d 1257 (2d Cir. 1973) (per curiam).

**8.** *See* note 4, *supra*.

**9.** 475 F.2d at 1259 (quoting from *Dolan v. Swope*, 138 F.2d 301, 304 (7th Cir. 1943)).

**10.** *Smith v. United States*, 603 F.2d 722 (8th Cir. 1979); *Hall v. Bostic*, 529 F.2d 990 (4th Cir. 1975), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976); *Kaplan v. Hecht*, 24 F.2d 664 (2d Cir. 1928) (Swan, J.); *Martinez v. Day*, 450 F.Supp. 803 (W.D.Okla.1978); *People v. Gilmore*, 63 A.D.2d 45, 407 N.Y.S.2d 48 (2d Dep't 1978). *See also United States v. Kuck*, 573 F.2d 25 (10th Cir. 1978) (parole); *Samuels v. Preiser*, 392 F.Supp. 526 (S.D.N.Y.1974) (parole). *But see Weatherington v. Moore*, 577 F.2d 1073, 1075 (6th Cir. 1978) (Edwards, C. J., dissenting).

**11.** *See* notes 3–4 *supra*.

**12.** N.Y. Penal Law §§ 65.00, 65.10, 65.15 (McKinney's 1975). The same is true of conditional discharge, another alternative to incarceration within the sentencing powers of the

New York law to violators of both parole and conditional release.[13] This differentiation between probationers and parolees, petitioner contends, violates his right to equal protection of the laws, as no rational basis supports the distinction.[14]

Neither the parole and probation systems of New York nor the cases which have addressed virtually identical issues support petitioner's position.

Our circuit, in *United States ex rel. McGill v. Schubin*,[15] upheld an earlier version of New York's penal law and rejected the contention that no rational basis supported the distinction with respect to "street time" credit made between violators of parole and conditional release. Though both of these programs involved release after a period of incarceration, and determinations by the state parole board, the court found sufficient difference between them to warrant disparate treatment of violators. It held that since parolees typically had a larger portion of unserved time remaining than did conditional releasees, the state's interest in deterring violations of the conditions of release by ensuring an adequate sanction for them was rationally served by denying "street time" credits to conditional releasees.

The *Schubin* opinion provides ample support for reaching a similar result in this case where the programs involved, probation and parole, are even more plainly distinguishable than were parole and condi-

tional release. Two notable differences between probation and parole in New York's penal system exist. Probation and revocation of probation are elements of the court's sentencing powers, enabling the court, in its discretion, to determine that rehabilitation would best be furthered by supervised release and, further, to enforce obedience to its conditions by the prospect of revocation and imprisonment. Parole, on the other hand, is controlled by the state's parole board, an administrative body.

■ The court, upon revocation of probation, has discretionary power to impose the full sentence that might have originally been imposed. The parole board has no similar discretion as credit for "street time" must be granted a parole violator. It is a legitimate legislative decision to vest a larger degree of discretion to shape and enforce a proper punishment in a sentencing judge than is accorded to an administrative agency.

Secondly, a parolee has been incarcerated prior to his release on parole, whereas one placed on probation has not been incarcerated. In furtherance of the state's interest in seeing the conditions placed upon probationers and parolees obeyed, the legislature may rationally conclude that the prospect of a full sentence is necessary to deter probation violators but is not required in the case of persons who have already served part of their sentences and have experienced the rigors of prison life.

court. *See id.* § 65.05. The sentencing judge in New York, upon revocation of probation, may (as may a federal judge) impose any sentence not in excess of that which could have been imposed at the time probation was ordered. *People ex rel. Wilson v. Additon*, 40 N.Y.S.2d 669 (Sup.Ct.1943). Thus, whether or not "street time" reduces the sentence imposed upon revocation is a matter within the discretion of the sentencing judge.

**13.** N.Y. Penal Law § 70.40 (McKinney's Cum. Supp.1978).

**14.** Petitioner also argues that the proper standard by which this distinction is to be judged is one of "strict scrutiny" because the denial of "street time" credit prolongs the deprivation of liberty he suffers while imprisoned. This argument runs contrary to the opinion of the Su-

preme Court in *McGinnis v. Royster*, 410 U.S. 263, 276, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) where the Court upheld disparities in the calculation of good time credit toward parole under the legitimate state interest and rational relation test.

Further, the more stringent standard has been rejected in each case that has addressed the specific issue raised here. *See United States v. Shead*, 568 F.2d 678, 684 (10th Cir. 1978); *United States ex rel. McGill v. Schubin*, 475 F.2d 1257, 1260 (2d Cir. 1973); *Martinez v. Day*, 450 F.Supp. 803 (W.D.Okl.1978); *White v. Wyrick*, 432 F.Supp. 1316, 1319 (W.D.Mo.1977); *People v. Gilmore*, 63 A.D.2d 45, 407 N.Y.S.2d 48 (2d Dep't 1978).

**15.** 475 F.2d 1257 (2d Cir. 1973).

These distinctions between probation and parole have led other courts to hold that disparities in awarding "street time" credit do not violate equal protection principles. In *United States v. Shead*,[16] the Tenth Circuit upheld virtually identical distinctions which exist in federal penal law.[17] While noting the similarities in the purposes and effects of probation and parole,[18] the court nonetheless found that the "Equal Protection [Clause does] not command symmetry within the probation and parole systems. Legislative solutions are valid and must be respected if the distinctions drawn have some basis in practical experience or if some legitimate state interest is advanced." It concluded that "the distinctions between the alternatives of probation and parole . . . demonstrate a rational basis for the difference with respect to credit for time served before revocation of probation as opposed to parole." [19] The District Court in *White v. Wyrick* [20] reached the same result in considering Missouri's probation and parole systems, relying in part on the *Schubin* opinion discussed above.

The precise provisions challenged here have, in fact, been expressly upheld against an equal protection challenge by the New York courts in *People v. Gilmore*.[21]

In light of the foregoing discussion, the Court concludes that the non-allowance of "street time" credit to probation violators, whereas such credit is allowed to violators of parole or conditional release is a distinction rationally related to a legitimate interest of New York State and, thus, does not offend the equal protection clauses of either the state or federal constitutions. Accordingly, the petition must be denied.

So ordered.

16. 568 F.2d 678 (10th Cir. 1978).

17. *Compare* 18 U.S.C. § 4210 (1979) *and* 28 C.F.R. § 2.52(c) (1978) *with* 18 U.S.C. § 3653 (1969).

18. These similarities are demonstrated in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in which the Court held that due process required the holding of a hearing prior to the revocation of probation as well as of parole, finding that no substantial basis for distinguishing between the two revocation proceedings existed for purposes of procedural due process. This recognition, however, does not necessarily imply that parolees and probationers must receive exactly the same treatment under the equal protection principles.

19. 568 F.2d at 683–4. *See also Martinez v. Day*, 450 F.Supp. 803 (W.D.Okl.1978).

20. 432 F.Supp. 1316 (W.D.Mo.1977).

21. 63 A.D.2d 45, 407 N.Y.S.2d 48 (2d Dep't 1978).