**Larry Lee MILLS, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 63903.**

Supreme Court of Iowa.

July 15, 1981.

Michael J. Schilling, Burlington, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and LARSON, JJ.

LARSON, Justice.

The petitioner, Larry Lee Mills, commenced a postconviction action, chapter 663A, The Code 1979, challenging the failure of the district court, on revocation of his probation, to allow credit for time spent on probation prior to revocation. The district court dismissed the petition and we affirm.

In 1977, Mills was convicted of breaking and entering, § 708.8, The Code 1977, and was sentenced to a ten-year term of imprisonment. The sentence was suspended, and he was placed on probation. During his period of probation he was arrested on a charge of theft, and a revocation hearing was conducted pursuant to chapter 908, The Code 1977. Following the hearing, Mills'

probation was revoked, and the original sentence of imprisonment was reinstated. Although the district court credited him with time served in custody after his arrest for the theft charge, it refused to extend credit for time served on probation under the original charge of breaking and entering.

Mills' application for postconviction relief alleged that the district court's failure to credit his time served under probation constituted a violation of his right to equal protection, United States Constitution Amendment XIV and the Iowa Constitution art. I, § 6 (1857). Specifically, he claims that since a parolee is granted credit for time served on *parole* if a violation of its condition occurs, § 906.16, The Code 1977,[1] the State's failure to similarly provide for credit for time spent under *probation* offends equal protection principles.

The threshold issue in an equal protection challenge is the type of scrutiny to be given the challenged activity. As this court said in *State v. Pilcher*, 242 N.W.2d 348, 359 (Iowa 1976), a high standard of review is necessitated in certain circumstances:

> Before the state can encroach into recognized areas of fundamental rights, such as the personal right of privacy, there must exist a subordinating interest which is compelling and necessary, not merely related, to the accomplishment of a permissible state policy.

Mills argues that his continued liberty is a fundamental right, citing *Wolff v. McDonnell*, 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951–52 (1974), and *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656, 661–62 (1973), which may be denied only if the State's action passes the test of "strict scrutiny."

While it is true that *Wolff* and *Gagnon* held that a prisoner possesses sufficient "core" values of unqualified liberty as to entitle him to due process, the process "due" him is flexible and depends upon the circumstances. *See Morrissey v. Brewer*, 408 U.S. 471, 481–82, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). One of the circumstances inherent in cases, such as the present one, is that the probationer or parolee does not stand as a person would before conviction; his is a qualified liberty, and neither *Morrissey* nor *Gagnon* holds that procedures for revocation are subject to the strict-scrutiny standard.

The Supreme Court has, in fact, applied the less stringent "rational basis" test in an analogous case, *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282, 288–90 (1973). In *McGinnis*, a statute denied certain prisoners good-time credit toward parole eligibility for the period of their incarceration in a county jail prior to sentence, while allowing such credit for persons incarcerated in a state prison. The Court, concluding a rational basis existed for such disparate treatment, upheld the statute.

Other federal cases have specifically held that the strict scrutiny standard does not apply in circumstances virtually identical to those here. *See e. g., United States v. Shead*, 568 F.2d 678, 683–84 (10th Cir. 1978); *United States ex rel. McGill v. Schubin*, 475 F.2d 1257, 1259–60 (2d Cir. 1973); *Sterling v. Reid*, 479 F.Supp. 330, 332–33 (S.D.N.Y. 1979); *Martinez v. Day*, 450 F.Supp. 803, 804–805 (W.D.Okla.1978); *White v. Wyrick*, 432 F.Supp. 1316, 1319 (W.D.Mo.1977); *accord, People v. Gilmore*, 63 A.D.2d 45, 47, 407 N.Y.S.2d 48, 49–50 (1978); *State v. Young*, 273 Minn. 240, 247, 141 N.W.2d 15, 20 (1966).

We conclude that the test to be applied here is not that of strict scrutiny

1. Section 906.16 provided, as to *paroles*:

The time when a prisoner is on parole from the institution shall be held to apply upon the sentence against the parolee even if the parole is subsequently revoked, except that the time when the parolee is in violation of the terms of the parole agreement shall not apply upon the sentence.

The time when a prisoner is absent from the institution by reason of an escape shall not apply upon the sentence against the prisoner.

but whether the disparity of treatment is based upon a rational exercise of state action. Again turning to the federal cases, we find they hold that rational bases do exist for disparate treatment of parolees and probationers and that equal protection principles are not offended by giving parolees credit for time served on parole while denying such credit to probationers. *See e. g., United States v. Shead*, 568 F.2d at 683–84 ("we are convinced that the distinctions between the alternatives of probation and parole [under federal law] . . . demonstrate a rational basis [under the federal constitution] for the difference with respect to credit for time served before revocation of probation as opposed to parole"); *United States ex rel. McGill v. Schubin*, 475 F.2d at 1259–60 (classification between person on conditional release—credit denied—and parolee—credit granted—not violative of federal constitution; "[w]e cannot say that this interest does not supply a rational basis for the distinction that New York has drawn"); *Sterling v. Reid*, 479 F.Supp. at 332–33 (federal and state constitutions not offended where "street time" credit granted to probation violators but denied to parole or conditional-release violators; it is "a distinction rationally related to a legitimate interest of New York"); *Martinez v. Day*, 450 F.Supp. at 804–805 (challenge under federal constitution; relief denied on the basis of *United States v. Shead, supra*); *White v. Wyrick*, 432 F.Supp. at 1319 (under Missouri law probation violators—denied credit—and parole violators—granted credit—not "similarly situated" for purpose of determining whether "street" time should be credited to sentence, and even assuming this fact no violation of federal constitution under principles in *United States ex rel. McGill v. Schubin, supra*); accord, *People v. Gilmore*, 63 A.D. at 47, 407 N.Y.S.2d at 50 (under statute parole violators granted credit for "street time" and no similar provision for probation violators; federal and state equal protection clauses not offended under rational basis test); *State v. Young*, 273 Minn. at 247, 141 N.W.2d at 20.

The bases urged by the State to justify the disparate treatment in this case are similar to those raised in many of the cited cases from other jurisdictions. We note first, that jurisdiction to administer the programs are placed in different governmental bodies: parole administration is vested in the Board of Parole, ch. 906, The Code, while probation is a responsibility of the courts, ch. 907, The Code. Moreover, the basic aims of these procedures must be distinguished. We think this distinction is well stated in *White v. Wyrick*, 432 F.Supp. at 1319:

> Having been . . . exposed to the penal and correctional services of the State, the State may rationally conclude that the threat of reincarcerating the administrative parolee upon revocation of parole with no credit given toward his sentence for time spent on parole is *not* a necessary or desirable step to take to further the public good. In like manner, the State may rationally conclude that the probationer or judicial parolee, having not been exposed to the penal and correctional services of the State, must have a sufficient amount of time remaining in his sentence to deter him from absconding or engaging in prohibited conduct during his probation or judicial parole. Further, it is rational for the State to conclude that the probationer or judicial parolee will be substantially less deterred if he need only serve the time remaining under his sentence in the event of revocation, credit being given for time spent on probation or judicial parole.

It is true that for some purposes the concepts of parole and probation are "constitutionally undistinguishable." *Gagnon v. Scarpelli*, 411 U.S. at 782 n. 3, 93 S.Ct. at 1759–60 n. 3, 36 L.Ed.2d at 661–62 n. 3. The focus of this language, however, is upon the procedural due process to be accorded upon revocation of the parole or probation. *Gagnon* does not hold or even imply that in all respects the parolee and probationer must be treated the same.

We conclude the district court properly denied postconviction relief.

AFFIRMED.